EMMA PENDLEY v. BERRY & TOWLES ET AL.

No. 1044. Decided November 21, 1901.

**1.—Appeal—Cost Bond—Affidavit in Lieu of.**

One who, on contest of his affidavit of inability to pay or secure costs, has been found able to pay a part but not all of them, is not entitled to appeal without bond or payment to the extent found to be within his ability. Stewart v. Heidenheimer, 55 Texas, 644, distinguished. (Pp. 72-74.)

**2.—Same—Findings Not Conclusive.**

The decision of the trial judge that appellant, though able to pay or secure a part of the costs, was entitled to prosecute his appeal without giving bond, was not conclusive on the appellate court; the latter had the final determination of the questions of law arising on the facts found. (Pp. 74, 75.)

**3.—Same—Practice on Appeal.**

Where an appellant, on contest of his affidavit, has been found able to pay a part of the costs, he may be required, by those interested, to deposit such amount as a condition of sending up the appeal; but where this is not done the appellate court may require such deposit on alternative of dismissal, or give the matter such direction, on motion to dismiss, as justice requires. (P. 75.)

Questions certified from the Court of Civil Appeals, First District, in an appeal from Harris County.

No briefs were on file.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First District has certified for decision the following questions:

"There is pending in this court, in the above entitled cause, a motion to dismiss the appeal allowed by the District Court upon the affidavit of the appellant that she was unable to pay the costs of appeal, because said affidavit was duly contested, and the order of the court allowing the appeal shows that the appellant was able to pay as much as $40 of the costs of the appeal, but the court allowed the appeal without requiring the payment or deposit of said amount. The order of the court is as follows:

" 'Mrs. Emma Pendley v. Berry & Towles. March 2nd, 1901. This day coming on to be heard the contest of the affidavit of plaintiff of her inability to give bond on appeal and the court having heard the evidence on said contest reaches the following conclusions: 1st. That Mrs. Emma Pendley is not able to pay or to give bond to secure the costs of the appeal. 2nd. That she is able to pay a portion of the costs of appeal. viz: as much as $40.00 of the costs of the appeal, and the court having considered the matter, is of the opinion that the court is without authority under the statutes to fix the amount to be paid as security for appeal or to require any bond to secure the cost of appeal less than the amount fixed by statute; and further is of the opinion that if the appellant be not able to. pay or secure all the costs of appeal that she is entitled, under the authority of Stewart v. Heidenheimer, 55 Texas, p. 644,

to appeal the case on her affidavit of inability to secure the costs filed in this cause. It is therefore considered, ordered, adjudged and decreed that the contest of the appellant's affidavit be overruled, and that she be allowed to appeal this case without giving bond, to which order the defendants except.'

"The appellees have moved to dismiss the appeal for the reason indicated, or that the appellant be required to deposit in the registry of the court the sum of $40, or give a good and sufficient bond in said sum, in default of which the appeal to be dismissed.

"Upon the foregoing statement, the following questions are certified for the decision of the Supreme Court:

"1. Should the motion to dismiss be sustained?

"2. Should the appellant be required to pay or secure by bond the amount which it was shown that she was able to pay before being allowed to proceed with her appeal?

"3. What should be the practice upon the above state of facts, or what disposition should be made of the motion?"

Under article 1387, Revised Statutes, appeals are perfected by giving notice of appeal and by filing bond, where a bond is required by law, "or affidavit in lieu thereof as hereinafter provided." Article 1400 provides that the appellant shall execute a bond of the prescribed character. Article 1401 is as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal." It will be noticed that no express provision is here made for a mode of appeal if the party be not able to give bond but is able to pay the costs of appeal, or in case of such inability to give bond and to pay all of such costs, but of ability to pay part thereof. A party unable to make bond but able to pay the costs, or part of them, could not literally comply with the requirement that he make affidavit that he is unable to pay the costs or give security therefor, and the further requirement that he prove his inability to pay any part of the costs. What course one thus situated is to pursue the statute does not provide, and if the right of appeal should be held to depend solely on the affirmative provisions of these articles, the right would be lost to such parties.

It is evident the Legislature intended no such consequence. The right of appeal is secured both by the general provisions of the statute (article 1383) and by the Constitution giving jurisdiction to the Court of Civil

Appeals, and these rules were prescribed by the Legislature to afford am-- ple and reasonable rules according to which the right may be exercised. Dillingham v. Putnam, 14 S. W. Rep., 303.

It is inconceivable that the Legislature meant to provide for appeals. by parties who could give bond, and for those who could neither give: bond nor pay any part of the costs, and leave unprovided for those who,. while not able to give security, were able to pay all or a part of the costs. Considering the purposes in view and the nature of the right given by the Constitution and other parts of the statute, the plain implication arising from articles 1387, 1400 and 1401 is that, in order to entitle the party to appeal upon an affidavit and nothing more, he must show that. he can neither give bond nor pay any part of the costs, and that, since the bond is intended only as security for the costs, if he can not give such bond but can pay the costs or a part of them, he may, by his affidavit,. show the extent of his inability and pay as much as he can.

It must be borne in mind that these provisions are not intended to confer nor to defeat the right of appeal, but to aid in its exercise, and mere incompleteness of the provisions does not necessitate a denial of the right. The courts are clothed with power, by rule or construction consistent with the express statutory regulations, to help them out so as. to perfect and preserve the right. Wheeler v. State, 8 Texas, 230; Teas. v. Robinson, 11 Texas, 777.

We think the statute means that where the party can pay the costs or a part thereof, he must do so. This is implied in the rule that unless he can show his inability to pay any part of the costs, he can not appeal upon affidavit alone. Plainly, if this state of facts can not be shown, the: intention is that the party shall do that which he can not show his in-- ability to do.

We do not regard the decision in Stewart v. Heidenheimer as in con-flict with this view. It is simply held in that case that an affidavit which states the inability of the party to pay the costs, without the addition of the words, "or any part thereof," is sufficient to perfect the appeal when. there is no contest. This evidently was based upon the provision of arti-- cle 4.1 that the proof shall consist of an affidavit, "stating his inability to pay the costs," the court regarding this as prescribing the contents of the affidavit. This statement, as the statute has been construed, includes all that the party is required to swear to in the first instance, and is re-garded as sufficient, when uncontested, to show the inability to pay any part of the costs. But the previous part of the statute can not be wholly rejected, and its operation is to require that, upon contest, the facts must. show the total inability spoken of. The finding of the district judge leaves the case just as if the party had at first made affidavit of inability to pay any part of the costs except the sum of forty dollars.

The decision of the district judge that the appellant was entitled to appeal without paying or depositing the sum named is not conclusive. The statute says, it is true, that the judge hearing the contest shall "de-termine the right of the party to his appeal," but this means, evidently,.

that he shall determine the facts which are in issue before him on which the right is made to depend. After ascertaining and stating such facts, he can not conclude the appellate court by judging that the right to appeal does or does not exist. The final determination of questions of law arising on such facts is given by the Constitution to the appellate court.

But while the law contemplates, as we conclude, that a party able to pay part of the costs must do so, it has fixed no time at or manner in which it should be done. This is therefore left to the courts to determine, and, in view of the uncertainty in which legislation has left the subject, care should be taken to avoid such a construction and application of the law as would impair or unnecessarily complicate the exercise of the right of appeal.

While the certain and therefore the proper practice in such cases would be for an appellant to deposit with the clerk of the court from which the appeal is taken the sum which he is found able to pay when he perfects his appeal, and while he must do this, if required, before he can have his appeal prepared, yet as it does not seem to have been demanded or required by anyone in this case as a condition of sending up the appeal, we do not think the failure should be held to have defeated the proceeding. If an appellee or the clerk are unwilling that the preparation for appeal should proceed without the deposit of money which the appellant should deposit, they are at liberty to raise the issue, and, upon application to the appellate court, proper direction to the matter may be given. Where they make no such question but the appeal is sent up, especially where the appellant has been misled into the belief that he need not pay the money, it should not be held that the appeal must fail. Whether or not the appellant, under such circumstances, on motion to dismiss the appeal, should be required to deposit the money or have her appeal dismissed, may depend upon circumstances. She should undoubtedly be so required unless good reason be shown why she can not now do so. But, as we have indicated, the court has full power to give to the matter such direction as justice requires; and as payment was not insisted upon before the preparation of the appeal, conditions may have since arisen which would make it unjust to enforce it now. We can not however, assume facts which are not before us, and can not, therefore, be more definite in our answers.