J. W. Emerson v. Missouri, Kansas & Texas Railway Company of Texas.

Decided November 5, 1904.

**Appeal—Pauper's Proof in Lieu of Bond—Approval in Term Time.**

Where appellant, in lieu of an appeal bond, made proof before the trial judge of his inability to give bond, and the judge's certificate recited that plaintiff (appellant), by presenting his affidavit of such inability "within term time," has made the necessary proof, etc., and the date of such certificate was within the term of the court, this was sufficient to show that the court was actually in session at the time the order was made, there being nothing in the record to show that it was not so in session.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*Wilkins & Vinson* and *E. J. Smith,* for appellant.

*Smith & Beaty,* for appellee.

BOOKHOUT, Associate Justice.—This is a motion to affirm on

certificate. At a former day of the term the motion was sustained, without written opinion. A motion for rehearing has been filed, and a request made that, in the event the motion is not sustained, we reduce our conclusions of law and fact to writing, and in compliance with this request we file the following conclusions:

We find all the facts as set out in the certificate for affirmance.

It is insisted that the appeal was never perfected in that it does not appear that J. W. Emerson made strict proof of his inability to pay the costs on appeal, or any part of the same.

The affidavit is in strict conformity with the terms of the statute. Rev. Stat., art. 1401. It was sworn to before "A. L. Elkins, notary public." Attached to the jurat was the notarial seal. This seal was required to, and we must presume did, show the county in which the notary was authorized to act. Rev. Stat., art. 3507. The affidavit was presented to the court in which the cause was tried and the following order made thereon: "I hereby certify that plaintiff, J. W. Emerson, by presenting the foregoing affidavit within term time, has made proof of his inability to pay the costs of appeal or any part thereof, or to give security therefor, and is permitted to prosecute his appeal on said affidavit in lieu of cost bond on appeal. This May 12, 1904. J. M. Pearson, Judge 59th Judicial District."

The certificate shows that the term of court began March 7, 1904, and ended May 14, 1904.

It is contended that proof of inability to give an appeal bond when made before the court trying the case must be made while the court is actually in session. This contention is sound. Graves v. Horn, 89 Texas, 77; Hearne v. Prendergast, 61 Texas, 627; Harwell v. Southern Fur Co., 75 S. W. Rep., 888; Sidoti v. Railway Co., 35 Texas Civ. App., 131, 79 S. W. Rep., 326.

Can it be said that these facts do not sufficiently appear from the order above set out? Do not the words "within term time," as used therein, show that the court was in session at the time the order was made? One of the definitions given by Webster's International Dictionary for the word "session" is, "The time, period, or term during which a court, council, legislature, etc., meets daily for business; or, the space of time between the first meeting and the prorogation or adjournment; thus, a session of Parliament is opened with a speech from the throne, and closed by prorogation. The session of a judicial court is called a term."

And among other definitions the same author defines the word "term," in law, as "the time in which a court is held, or is open for the trial of causes." We think it is in this sense that the word was used in the order and that the same should be so construed. Giving the word this meaning, the order shows the court was in session when the order was made.

Again, as the order recited that it was made in term time, it should be so construed, if it can be done without doing violence to the language used, as to uphold the validity of the court's action. It was an official act. The presumption should be indulged that the court acted in accordance with the law. The court knew that the proof must be made

while in session.  There is nothing in the record that shows the court was not actually in session when the order was made.

This case is distinguishable from the Sidoti case, above cited, in that in that case the record did not show that the proof was made in term time.  In this case the record shows that the term of court did not terminate until two days after the order was made.

We conclude the judgment was properly affirmed on certificate, and the motion for rehearing is overruled.

*Affirmed on certificate.*

Writ of error refused.