## S. E. SMITH V. BUFFALO OIL COMPANY.

### No. 1430.   Decided May 25, 1905.

**1.—Appeal—Bond—Proof of Inability.**

An appeal taken without giving bond may be sustained under Article 1401, Rev. Stat., by appellant's affidavit of inability to pay or secure costs, taken before the district judge trying the case, embraced in the record and shown by evidence in the appellate court to have been taken in open court, though the affidavit and transcript does not show such fact, nor contain any entry or order showing action of the district court upon it.   (Pp. 77–79.)

**2.—Same.**

The statute, though doubtful and uncertain, should receive such construction as not to impair nor unnecessarily complicate the exercise of the right of appeal.   (P. 78.)

**3.—Same—Proceeding in Court—Parol Evidence.**

The statute defines the proof necessary to be made, in providing that it "shall consist of the affidavit of said party, stating his inability to pay the costs;" such affidavit makes a prima facie case, sufficient if not controverted. Such proof is to be made before the "court in session," not the judge; but if such fact is not manifested by an order entered of record or made to appear as it might be, on the face of the affidavit, it might be perhaps presumed from the attestation by the judge, since he had nothing to do with such matters except while presiding in court; but if not so presumed, since it affected the jurisdiction, the appellate court should hear evidence offered that it was so taken.   (Pp. 78, 79.)

Error to the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

Smith sued the Oil Company and appealed from a judgment for defendant.  His appeal was dismissed for want of a bond, which he had endeavored to supply by affidavit of his inability to give it.  He thereupon obtained writ of error.

*Makemson, Hudson & Lord,* for appellant.—The Court of Civil Appeals has power, upon affidavits or otherwise, to ascertain matters of fact necessary to the exercise of its jurisdiction.  Rev. Stats., art. 998; Claiborne v. Missouri, K. & T. Ry. Co., 53 S. W. Rep., 837; Bradford v. Nowles, 33 S. W. Rep., 149.

*L. A. Carleton* and *E. E. Townes,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—This writ of error is prosecuted from a judgment of the Court of Civil Appeals dismissing plaintiff in error's appeal because of insufficiency of the affidavit in lieu of appeal bond upon which it was prosecuted.  The affidavit on its face appeared to have been made before the District Judge who tried the case, and was attested by him officially with his jurat, but did not state that it was made in open court; and there was no order or entry showing other action of the court upon it.  It was, however, made to appear by affidavits in the Court of Civil Appeals that the oath was administered by the District Judge in open court.  The Court of Civil Appeals held

that this was not sufficient, and that "there should have been an order entered on the minutes of the (district) court adjudging that sufficient proof had been so made."

The subject is regulated by article 1401, Revised Statutes, which is as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

This court has often had occasion to discuss and construe this statute and has not yet succeeded in removing all of the doubt and uncertainty besetting an appellant who attempts to avail himself of its indefinite provisions. These uncertainties in the statute itself suggest "that care should be taken to avoid such a construction and application of the law as would impair or unnecessarily complicate the exercise of the right of appeal." (Pendley v. Berry, 95 Texas, 75.) The statute defines what the proof it requires shall be, when it provides that it "shall consist of the affidavit of said party, stating his inability to pay the costs" (Stewart v. Heidenheimer, 55 Texas, 644; Pendley v. Berry, supra) ; and "its evident purpose is to enable the appellant to make prima facie proof of his inability to give the required security and to enable those having conflicting interest to controvert such proof," etc. (Wooldridge v. Roller, 52 Texas, 451.) When it is made before the court trying the case, if in session, the statute requires no other action if there be no contest. It is only where the affidavit is made before some officer not authorized to determine the facts in case of a contest that it has been held or intimated by this court that it must be presented to one who is so authorized for further action on his part. It is, itself, when made before the court which tried the case while in session, the proof required if no contest is made. The Court of Civil Appeals was doubtless of the opinion that as the "court in session," and not the judge, is prescribed as the authority before which the proof is to be made, the court's action should be manifested in the usual way by order entered of record; and, upon general principles, there is plausibility in the view. It is correct to say that action must be taken in open court because the statute in effect so provides; but as to what the action is to be, the statute also provides that it shall "consist of the affidavit," etc. Now, an order of court is not essential to nor a part of an affidavit. Such oaths may be taken before the district judge and authenticated by him, and when this is done in open court the very terms of the statute are complied with, and no order of court, unless in disposing of a contest, is required.

How is it to be made to appear that the affidavit was made in open court? This, it seems to us, might well be done by the paper itself, or by a separate order on the records. But the statute has required no

particular kind of evidence, and we see no reason why those should be held the exclusive methods. It may be that the action of the district judge in taking and authenticating the affidavit, inasmuch as he has nothing to do with such matters except when presiding over the court in session, should be treated as prima facie sufficient under the presumption in favor of right and regular action. But whether this is so or not, as the question, when it arises, affects the jurisdiction of the Appellate Court, it can hear affidavits or other evidence to show the facts.

Notice of appeal is essential to perfect an appeal, and the statute requires that it be given in open court and entered of record; and yet this court held in Western Union Tel. Co. v. O'Keefe, 87 Texas, 427, that the appeal could be supported by proof in the Appellate Court that the notice was in fact given in open court. If this is true of a fact required to be entered of record, certainly it is true of one the evidence of which is not prescribed.

We are therefore of the opinion that the affidavit itself and the evidence that it was made in open court are all that should be required, and that the Court of Civil Appeals erred in dismissing the appeal. The judgment of dismissal will therefore be reversed and the cause will be remanded to the Court of Civil Appeals for further consideration.

*Reversed and remanded to the Court of Civil Appeals.*