HART, Justice of the Peace, v. WILSON.

(Court of Civil Appeals of Texas. Amarillo. March 29, 1913. On Motion for Rehearing, April 26, 1913.)

1. MANDAMUS (§ 10*) — INEFFECTUALITY OF WRIT—APPEAL—SECURITY FOR COSTS.
    Under Rev. Civ. St. 1911, art. 2394, relative to appeals from justice court, which provides that where the appellant is unable to pay the costs of appeal or give security therefor he may nevertheless prosecute his appeal but shall be required to make strict proof of his inability to pay the costs or any part thereof, that such proof shall be made before the county judge or court trying the case and shall consist of the

---

[1] Remittitur filed April 9, 1913, and judgment reformed and affirmed. Costs of the appeal taxed against appellee.

affidavit of the party stating his inability to pay the costs which may be contested by any officer of the court or party to the suit, whereupon the court or justice of the peace shall hear the evidence and determine the right of the party to his appeal, a justice of the peace, who upon a contest set aside an affidavit in lieu of a cost bond, could not be compelled by mandamus to send up the transcript in order that the appellant might perfect his appeal, where the record showed the ability of appellant to pay the costs or at least a part thereof.
    [Ed. Note.—For other cases, see Mandamus. Cent. Dig. § 37; Dec. Dig. § 10.*]

2. MANDAMUS (§ 68*)—NECESSITY OF CLEAR LEGAL RIGHT.
    An officer cannot be compelled by mandamus to perform an act unless it is one that is imperatively required of him by law to perform.
    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 68.*]

3. JUSTICES OF THE PEACE (§ 159*)—APPEAL—SECURITY FOR COSTS — APPEALS IN FORMA PAUPERIS.
    Under Rev. Civ. St. 1911, art. 2394, relative to appeals from justice court, which provides that an appellant who is unable to pay the costs of appeal or give security therefor may nevertheless prosecute his appeal by making strict proof of his inability to pay the costs or any part thereof, an appellant, who with his wife owned as community property two cows and a yearling heifer which were not shown to have been the proceeds of a homestead or to be milch cows or cows intended to be used as milch cows and which were worth $105, was not entitled to appeal without giving security for costs.
    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. § 159.*]

4. COURTS (§ 207*) — APPEAL — SENDING UP TRANSCRIPT—MANDAMUS.
    A county court has jurisdiction to compel a justice of the peace by mandamus to send up a transcript in order that an appellant may perfect his appeal; such jurisdiction being necessary to the enforcement of that court's jurisdiction.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 762; Dec. Dig. § 207.*]

On Motion for Rehearing.

5. MANDAMUS (§ 187*)—APPEAL—REVERSAL—SUBSEQUENT PROCEEDINGS.
    In a mandamus proceeding in the county court to compel a justice of the peace to send up a transcript in order that an appellant might perfect his appeal, on reversal of the judgment granting the writ on the ground that appellant had not shown that the justice of the peace erred in refusing to permit him to appeal without giving a cost bond, the cause would be remanded to the county court, which could retry it upon such pleadings and testimony as would meet the issues involved and not to the justice court.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. § 187;* Appeal and Error, Cent. Dig. § 570.]

6. MANDAMUS (§ 187*) — APPEAL — FUNDAMENTAL ERROR.
    Where the petition for a writ of mandamus to compel a justice of the peace to set up a transcript in order that an appeal to the county court might be perfected alleged the filing of a pauper's affidavit in lieu of a cost bond, but did not attack the subsequent action of the justice of the peace in setting aside such affidavit on the hearing of a contest, and the evidence failed to show that the justice erred in setting

it aside, the granting of the writ was a fundamental error apparent upon the face of the record.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. § 187;* Appeal and Error, Cent. Dig. § 570.*]

Appeal from Wilbarger County Court; R. S. Houssels, Judge.

Mandamus by W. N. Wilson against P. L. Hart, Justice of the Peace. From the judgment, defendant appeals. Reversed and remanded.

Berry & Stokes, of Vernon, for appellant. Storey & Warlick, of Vernon, for appellee.

HENDRICKS, J. This action is one of mandamus, instituted in the county court of Wilbarger county, Tex., by appellee, to compel Hart, the justice of the peace, and appellant herein, to "prepare a complete record and transcript of all the proceedings had" in the justice court in the case of Stultz v. Wilson, "in order that a trial de novo may be had in said county court of Wilbarger county"; the record and evidence in this mandamus proceeding showing that, at the trial of the original cause in the justice court, Stultz, the respondent in mandamus, and appellant herein, obtained a judgment against Wilson in the justice court for $129.95 and foreclosure of an attachment lien upon certain horses, the evidence further disclosing that the appellee and relator herein, as the unsuccessful litigant in the justice court proceeding, attempted first to perfect his appeal by giving security for costs, which was unavailing, and, second, within the requisite ten days, in lieu of the appeal bond attempted to comply with the other provisions of the statute, by filing an affidavit in forma pauperis, and making proof of his inability to pay the costs, or any part thereof.

[1] The articles of the statute with reference to appeals by affidavit from a judgment of the justice court are as follows:

"Art. 2394. Where the appellant is unable to pay the costs of appeal, or to give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the same, at any time within ten days from and after the date of the judgment rendered therein, and shall consist of the affidavit of said party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit; whereupon, it shall be the duty of the court trying the case, or the justice of the peace of the precinct in which said case was tried, or the county judge of the county in which the suit is pending, to

hear the evidence and to determine the right of the party to his appeal."

"Art. 2395. When the bond, or the affidavit in lieu thereof, provided for in the two preceding articles, has been filed, and the previous requirements of this chapter have been complied with, the appeal shall be held to be perfected."

In discussing this matter, it is to be noted that the statute regulating appeals from the justice court, prescribing the affidavit in forma pauperis, is in substance the same and in language in some respects identical, as the statutes prescribing the same affidavits in lieu of an appeal bond in cases of appeal from the district and county courts; and the decisions of the higher courts in construing the latter statutes, on account of the identity of the statutes, would necessarily control the construction of the statute with reference to appeal from justice courts: "The statute defines what the proof it requires shall be, when it provides that it shall consist of the affidavit of said party, stating his inability to pay the costs, and its evident purpose is to enable the appellant to make prima facie proof of his inability to give the required security and to enable those having conflicting interest to controvert such proof." Smith v. Buffalo Oil Co., 99 Tex. 78, 87 S. W. 659. In the absence of a contest, "the affidavit of the party is sufficient," without further proof, to make out the prima facie case of inability. Graves v. Horn, 89 Tex. 78, 33 S. W. 322.

The statute with reference to appeal from justice court, where appellant is unable to "pay the costs of appeal, or to give security therefor," says that, "in order to do so, he shall be required to make strict proof of his inability to pay the costs or any part thereof." New Revised Statutes, art. 2394. The statutes with reference to appeal from district and county courts uses the identical language quoted, and in passing upon the above language of the statute the Supreme Court said, in the case of Pendley v. Berry, 95 Tex. 74, 65 S. W. 33: "We think the statute means that where the party can pay the costs, or a part thereof, he must do so. This is implied in the rule that unless he can show his inability to pay any part of the costs he cannot appeal upon affidavit alone. Plainly, if this state of facts cannot be shown, the intention is that the *party shall do that which he cannot show his inability to do*." (The emphasis is ours.)

All these statutes also use the following language: "Such proof shall * * * consist of the affidavit of said party stating his inability to pay the costs." And the Supreme Court further, in commenting upon the case of Stewart v. Herdenheimer, says that the case simply held that the words "or any part thereof," with reference to the inabil-

ity to pay, does not have to be inserted in the affidavit, and the affidavit without such language is sufficient "when uncontested," as was previously held in the Graves-Horn Case, supra; but when it comes to a contest, the words ,of the statute, "he shall be required to make strict proof of his inability to pay the costs, or any part thereof," is construed by the Supreme Court in the following language: "But the previous part of the statute cannot be wholly rejected (meaning the last quotation from the statute) and its operation is to require that upon contest the facts must show the inability spoken of"—that is the inability to pay a part of the costs—as well as the whole costs, where the inability of the appellant is questioned and contested by the appellee. Pendley v. Berry, supra.

[2] Of course, under the rulings of the Supreme Court, when a contest is filed, the "facts must show the total inability" mentioned in the statute, in order to preserve the right of appeal, or at least, if the record shows the ability to pay the costs or a part thereof, the affidavit is overturned and the right is lost. And in order for the mandamus to lie against the opposite party, who is an officer, "We must see that the act which it is sought to compel him to perform is one that is imperatively required of him by law to perform." Insurance Society v. Love, 102 Tex. 278, 115 S. W. 26. In this matter the act sought by mandamus to compel respondent to perform is to send up the transcript in order that relator may perfect his appeal, and if the facts do not show a total inability to pay or are suggestive of an ability to pay the costs, or a part thereof, then it is not "imperatively required of him to perform." Chief Justice Rainey expressed it rather succinctly as to this particular question, in the case of Trapp v. Frizzell, 98 S. W. 947: "The Constitution gives the right to appeal, and the law has provided the mode for so doing. When a party takes an appeal from a judgment against him, and makes affidavit of his inability to give security, as required in article 1401, Rev. St. 1895, and it is then contested, he is then 'required to make strict proof of his inability to pay the cost of any part thereof.' If he does this, then the jurisdiction of the appellate court attaches, and the power does not lie with the court or judge before whom such proof is made to deny the right of appeal"—citing Pendley v. Berry, quoted by us, supra, and Murray v. Robuck, 89 S. W. 782, decided by Justice Neill of the Fifth district. In the latter case all the property respondent had was a cow, a calf, a sow, some pigs, a growing crop on 15 acres of rented premises and which the San Antonio court said, in sustaining the right of appeal and mandamus, "this property was all exempt under the law from execution," and that is where this case departs from that case.

[3] This record conclusively shows that four horses were conveyed to the relator's wife, and suggests that it was done in consideration of the relinquishment of her homestead right, transferred previously by husband and wife; and the horses conveyed to her, as indicated in the record, in order that she might hold the property for reinvestment in another home. Relator said, "that the bill of sale was issued to her for the reason that she refused to sign the deed to the home unless this property was placed in her name." "She wanted it that way so that she could see that it went into another home." The same were the facts in the case of Blum v. Light, 81 Tex. 420, 16 S. W. 1090, except that the bill of sale in that case is shown to have been a conveyance to the wife of the horses and cattle as her separate property, by the terms of the conveyance. The evidence in this case shows that, a "short time" (but when is not shown) before the filing of the affidavit, the homestead was sold, and considering the statute with reference to exempting the proceeds of the homestead for a period of six months after the sale, and the testimony that the wife signed the deed in consideration of the conveyance to her in order that she could see that the proceeds went into another home, we are not disposed to disregard the court's findings. But as to the three head of cattle, the two cows and a yearling heifer, which the record conclusively shows was owned by them (presumptively as community property) and not shown to have been the proceeds of the homestead, and uncontradicted that they were worth $105, with no testimony whatever that they were milch cows or that the grown cows had ever been milked and were dry, or were intended to be used as milch cows, we are unable to agree with the court's finding that they should be eliminated in considering the relator's ability to pay the costs or any part thereof. In the Pendley-Berry Case, supra, the district judge had found that the appellant had $40 and was able to pay a part of the costs of the appeal, but disregarded it on the contest and sustained the affidavit, and the Supreme Court said: "The decision of the district judge that the appellant was entitled to appeal without paying or depositing the sum named is not conclusive. The statute says, it is true, that the judge hearing the contest shall 'determine the right of the party to his appeal,' but this means evidently that he shall determine the facts which are in issue before him on which the right to appeal is made to depend. After ascertaining and stating such facts, he cannot conclude the appellate court by judging that the right to appeal does or does not exist." The trial court's finding of fact is just as deficient, when in the face of the record, as a finding of law, and this record is conclusive upon this appeal that the three head of cattle mentioned constitute community proper-

ty, and the court's finding is positively inefficient when he says they should not be considered in determining the matter of appeal. If the court meant they were exempt as "milch cows," there was absolutely no proof of the exemption. This court announced the rule in a majority opinion (Chief Justice Graham dissenting) in the case of Patterson v. English, 142 S. W. 18, through Associate Justice Hall, that where the testimony showed that three heifers in a debtor's possession intended to be used by him as milch cows, although never having been milked, were exempt—which we think is clearly a correct holding. But this record is devoid of any such testimony, and in the absence of any testimony indicating that they could not be used as available property for the purpose of paying the costs, or at least a part thereof, the relator has fallen far short of the prescription of the law, when, as the Supreme Court says, "upon contest the facts must show the total inability" in order to obtain the right of appeal by affidavit. The order of the justice of the peace, setting aside the affidavit, must stand unless the evidence is suggestive that he deprived relator of the right of appeal. When notified of the pending contest, relator failed to appear and disregarded the hearing. Of course, the right of appeal is a valuable right, and, however much this record might appeal to us otherwise, we are not constrained to disregard the opinions of the higher courts, and what we consider the inevitable logic of the record, and give the right where the measure of the law in unfulfilled.

It is to be observed that relator, in his application for mandamus, in reality does not attach the action of the justice of the peace in setting aside the affidavit. We think it is clearly incumbent upon him to plead and prove that the justice of the peace had not the right to set aside the affidavit in order to show the county court that he was entitled to right of appeal; the opinions of the Supreme Court are to our minds conclusively persuasive of the proposition, and in the event of another hearing, and another appeal, we would suggest that the record be more specific. For example, the notation on the docket of the justice court in regard to the filing of the affidavit, introduced by relator, says: "Affidavit in lieu of cost bond filed this 7th day of May, A. D. 1912, and proof made of inability to make cost bond or secure same. P. L. Hart, J. P., Prect. No. 7." If such is the affidavit and the record speaks the truth, the form of the affidavit really controlling under the decisions, oral proof being unnecessary until the contest arises, relator has not complied with the law. It is true the justice of the peace says, "an affidavit in forma pauperis" was presented to him; but, if his docket bespeaks a character of affidavit in forma pauperis, it is not one. The affidavit is not in the record.

[4] The county court, we think, is entitled to jurisdiction of this mandamus under the Constitution, "as necessary to the enforcement of the jurisdiction of that court" in order to determine the relator's right to appeal to that jurisdiction, and we do not think the objection that certiorari is an adequate remedy is tenable; if relator is unable to give bond on appeal, he would be unable to do it in a proceeding in certiorari; and, the matters discussed being apparent upon the record going to the very right of the case and the foundation of the cause, it is ordered reversed and remanded.

## On Motion for Rehearing.

[5] We note the following language in the argument upon motion for rehearing: "The law says that trials of cases from the justice court to the county court shall be 'de novo.' Yet it seems that in this case the higher court has seen fit to send this cause, not back to the court from where it is appealed, which was a court of record, but it has gone further and sent it to the court which is not one of record. * * * In fact, there is no way that we can see thus far to get this case back before the honorable justice of the peace." This court reversed and remanded this cause to the county court, and the effect of its judgment would, of course, be extended no further. The county court has the jurisdiction to retry this cause upon such appropriate pleadings and testimony as it deems will meet the issues involved, as it is a direct proceeding for mandamus in that court and to that extent is an independent suit to meet the purposes of that proceeding.

[6] The appellee is insistent that fundamental error apparent upon the face of the record does not exist in this cause. In this cause the relator executed a pauper's affidavit in another proceeding in the justice court, which was set aside by the justice of the peace upon a contest filed by the opposite litigant in that cause, upon proper notice given to the relator, who was the defendant in the other case. The relator, in his petition for mandamus, in order to obtain the right of appeal, alleged the pauper's affidavit but did not assail the subsequent action of the justice of the peace in reversing his former action, in setting aside the pauper's affidavit. This fact was prominent in this record. This latter order of the justice of the peace, standing unassailed by relator in this mandamus proceeding in the county court, we decided then, and reiterate, that it went to the very right of the cause and to the foundation of this proceeding. It is true we inspected the record and discussed the inefficiency of evidence to support a fundamental finding necessary to maintain the judgment of the court; and, the lack of pleading being apparent, it was better to discuss the evidence than leave appellee in the dark; and without a pleading assailing the order of the justice of the peace, with the additional evident circumstances in the

record of an absolute lack of testimony to sustain the judgment of the court, we held that this order of the justice of the peace, not having been shown to have been improper, by either pleading or evidence, and fundamentally controlling the right of appeal, until stricken down, would necessarily stand.

The motion for rehearing is overruled.