TISDALE v. F. HANNES & CO.    (No. 6942.)

(Court of Civil Appeals of Texas.    Austin. Dec. 9, 1925.)

1. Justices of the peace ⊙⟾159(2)—Affidavit in forma pauperis, not controverted, establishes right to appeal thereon.

Affidavit in forma pauperis for appeal from justice court, which stated all the facts required by statute for appeal, and was not controverted, established right to appeal thereon.

2. Justices of the peace ⊙⟾159(2)—Burden rests upon party controverting affidavit in forma pauperis by unsworn pleading to disprove its contents.

Where affidavit in forma pauperis on appeal from justice court is controverted by an unsworn pleading, the burden rests upon party contesting it to disprove its contents.

3. Courts ⊙⟾90(5)—Decisions on appeals from county and district courts, where applicable, control appeals from justice courts.

Since Rev. St. 1911, art. 2098, governing appeals in forma pauperis from county and district courts is almost identical in language with article 2394, relative to justices' courts, decisions on appeals from county and district courts, where applicable, control appeals from justices' courts.

4. Appeal and error ⊙⟾389(3)—Affidavit filed with court during same term, and approved by him, is prima facie sufficient to authorize appeal in forma pauperis.

Where affidavit is made before some officer other than county judge or court trying case, if filed with court trying case while in session, during same term and approved by him, it is prima facie sufficient to authorize an appeal in forma pauperis.

5. Justices of the peace ⊙⟾159(2)—Affidavit handed to justice on street held sufficient compliance with law.

Where appellant handed affidavit in forma pauperis to justice on street, justice later filing affidavit within 10 days after judgment and before court was adjourned for term, and certifying it to county court as sufficient, held· there was substantial compliance with Rev. St. 1911, art. 2394.

Appeal from Lee County Court; W. O. Bowers, Jr., Judge.

Action by F. Hannes & Co. against E. H. Tisdale. From a judgment of the county court dismissing an appeal from a judgment for plaintiff, defendant appeals. Reversed and remanded.

Thos. W. Thompson, of Giddings, for appellant.

BAUGH, J. On November 1, 1924, F. Hannes & Co. recovered a judgment against E. H. Tisdale, in the justice court of precinct No. 6, Lee county, Tex. On November 5, 1924, Tisdale filed with the justice of the peace who tried the case his affidavit of inability to make bond or pay costs, or any part thereof. The justice of the peace thereupon, on November 6, 1924, forwarded to the county court transcript of the proceedings in his court. On February 6, 1925, at a regular term of the county court of Lee county, the motion of Hannes & Co. to dismiss the appeal and issue procedendo to the justice court was granted. From this judgment of the county court appellant prosecutes this appeal upon his affidavit in forma pauperis.

The motion to dismiss granted by the county court attacks the affidavit filed in the justice court as insufficient, as without proof to sustain it, as untrue, and contests said affidavit in the county court on the ground that Tisdale was able to pay the costs and not entitled to appeal from the justice court upon such affidavit. The county court in its judgment makes no specific findings, and we are unable to determine which ground of the motion was sustained. The affidavit was not contested by any one in the justice court.

Article 2394, R. S. 1911, provides as follows:

"Where the appellant is unable to pay the costs of appeal, or to give security therefor, he shall nevertheless· be entitled to prosecute his appeal; but, in order to do so, he shall be re-

---

⊙⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

quired to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the same, at any time within ten days from and after the date of the judgment rendered therein, and shall consist of the affidavit of said party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit; whereupon, it shall be the duty of the court trying the case, or the justice of the peace of the precinct in which said case was tried, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party to his appeal."

[1-3] The affidavit in question stated all the facts required by the statute. The statute itself defines the proof to be made, and, where the affidavit is not controverted, it establishes the right to appeal thereon, and, where such affidavit is controverted by an unsworn pleading, as was true in the case at bar, the burden rests upon the party contesting it to disprove its contents. Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Currie v. M., K. & T. Ry. Co., 101 Tex. 478, 108 S. W. 1167; Hart v. Wilson (Tex. Civ. App.) 156 S. W. 520. We have read carefully the statement of facts and find that the testimony introduced in the county court in support of appellee's motion not only does not disprove appellant's inability to pay costs or any part thereof, but, on the contrary, shows his inability to do so. The county court must consequently have held said affidavit insufficient, in that appellant failed to comply with the law in executing and filing it. Few cases are available relating to appeals from the justice to the county court under said article 2394, but article 2098, R. S. 1911, governing appeals from county and district courts, is almost identical in language with article 2394, and the decisions on appeals from these courts, where applicable, control appeals from the justice courts. See Hart v. Wilson, supra.

[4] The justice of the peace who took the affidavit in the instant case testified:

"I was not holding court at time Tisdale swore to the affidavit. I was not in the courtroom at the time, but was out on the street."

Under the decisions applying article 2098, this might appear to be insufficient to sustain the affidavit. The trend of the decisions seems to be that the affidavit, when made before the court, must be made while the court is in session. Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Emerson v. Ry. Co., 37 Tex. Civ. App. 110, 82 S. W. 1060; Hart v. Wilson, supra; Smith v. Buffalo Oil Co., supra. In most of these cases, however, the affidavit in question was made before the clerk or a notary public; but it is well settled that, where

the affidavit is made before some officer other than the county judge or court trying the case, if filed with the court trying the case while in session during the same term and approved by him, it is prima facie sufficient to authorize an appeal in forma pauperis. Phillips v. Phillips (Tex. Civ. App.) 203 S. W. 77; Smith v. Buffalo Oil Co., supra.

[5] Even if it be conceded that the justice of the peace, when the affidavit was made before him, did not have his court actually in session, that in itself does not invalidate the affidavit. A notary public could have taken the affidavit of Tisdale, and, if approved and filed by the justice who tried the case while his court was in session, it would have been prima facie sufficient under the law, in the absence of a contest in that court. After he had taken the affidavit of Tisdale, the justice of the peace testified that he investigated the matter, found that Tisdale had the right to appeal thereon, and so notified appellees before sending the transcript to the county court. He also filed the affidavit in his office, entered it upon his docket, and in sending the transcript to the county court certified in effect over his official signature that he had found it sufficient. All these acts were done within the 10 days after judgment as prescribed by law, before his court had adjourned for the term, and were obviously done by the court while in session. And, whatever irregularity there might have been in taking Tisdale's affidavit while on the street was cured when he made his investigation, filed it in his court while in session, and certified it to the county court with the transcript as sufficient. This action, we think, was tantamount to an official certificate by the justice court that the proof of inability to pay costs was regular and sufficient, and was a substantial compliance with article 2394, R. S. 1911, authorizing the appeal. The right of appeal is guaranteed under the Constitution, and, as stated in Smith v. Buffalo Oil Co., supra, and in Pendley v. Berry, 95 Tex. 75, 65 S. W. 32:

"Care should be taken to avoid such a construction and application of the law as would impair or unnecessarily complicate the exercise of the right of appeal."

The proof showed Tisdale's inability to make bond or pay the costs or any part thereof in the justice court. He was entitled to appeal upon his uncontested affidavit if properly made. We have concluded that he sufficiently complied with the law in the prosecution of his appeal to the county court, and was entitled to a trial de novo therein. The county court erred, therefore, in dismissing his appeal.

For the reasons stated, the judgment of the trial court will be reversed, and the cause remanded.