NO









NO. 12-09-00130-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

JAMES WALKER,                                             '     APPEAL
FROM THE 

APPELLANT

 

V.                                                                         '     COUNTY
COURT AT LAW NO. 2

 

CRAIG CROWELL,

APPELLEE                                                        '     OF SMITH COUNTY , TEXAS

 





                                                                     OPINION

James
Walker appeals from the county court at law’s order dismissing his
appeal of a justice court judgment for lack of jurisdiction.  In his sole
issue, Walker asserts that the county court at law erred in concluding it did
not have jurisdiction of his appeal.  We affirm.

Background

Craig
Crowell filed suit against Walker in justice court, alleging that Walker was in default under the terms of a note held by Crowell.  On May 27, 2008, the
justice court signed a judgment in Crowell’s favor after a jury trial. 

Dissatisfied
with the verdict and judgment, Walker attempted to appeal in the county court
at law seeking a trial de novo.  Specifically, on May 30, 2008, Walker filed a notice of appeal and an affidavit of inability to pay costs.  Crowell
contested Walker’s affidavit of inability to pay costs by filing a letter with
the justice court on June 4, 2008. For reasons not apparent from the record,
the justice court did not conduct a hearing on the contest until August 13,
2008, over two months later.  At that hearing, the justice court concluded that
 Walker had the ability to pay costs, rejected the affidavit, and denied the
appeal. 

Walker did not appeal the justice court’s ruling on the affidavit.  Instead, he attempted
to file an appeal bond and an “amended notice of appeal” on August 15, 2008.
The justice court rejected that appeal bond as noncompliant on September 4,
2008, and Walker first received notice of that ruling on September 8, 2008.  Walker filed a “second amended notice of appeal” and appeal bond on September 9, 2008,
which the justice court approved on September 10, 2008.

In
the county court at law, Crowell filed a motion to dismiss the appeal for lack
of jurisdiction on January 8, 2009, which was granted after a hearing by an
order signed on February 4, 2009.  Walker timely filed a motion for new trial,
which was denied.  He then appealed to this court. 

 

Dismissal of Walker’s Lawsuit for Lack of
Jurisdiction

            In
his sole issue, Walker asserts the county court at law erred in concluding it
did not have jurisdiction of his appeal.  The county court at law held that Walker did not timely perfect his appeal because, since he filed his appeal bond after the
justice court sustained the contest to his affidavit of inability to pay costs,
he filed the appeal bond too late.

Walker contends that once the justice court sustained Crowell’s contest to his affidavit,
he could then start anew under the appeal bond procedure.  In other words, he
argues that once his attempt to perfect the appeal through an affidavit of
inability to pay costs failed, his deadline for filing an appeal bond was
extended.

            Crowell
asserts that the appeal bond procedure and the affidavit procedure are mutually
exclusive.  That is, he claims a party complaining of a justice court judgment
must choose a method of perfecting his appeal at the outset, by filing either
an appeal bond or an affidavit of inability to pay the costs of appeal.  Crowell
argues that if an  affidavit of inability to pay costs is successfully
contested, the deadline for filing an appeal bond is not extended.  Thus, the
party who filed the affidavit cannot ever timely perfect an appeal by filing an
appeal bond.  Here, the appeal bond was approved 106 days after the justice court
signed the judgment, which Crowell argues was too late.

Standard
of Review

Whether
 Walker timely filed his appeal bond and thereby conferred jurisdiction on the
county court at law presents a legal question, which we review de novo.  See
Williams v. Schneiber, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth
2004, no pet.).  If the appeal bond is not timely filed, the county court is
without jurisdiction to hear the appeal, and the appeal must be dismissed.  Id. 

Perfecting
an Appeal from Justice Court

            An
aggrieved party may appeal a justice court judgment to the county court.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.001 (Vernon 2008).  The result is a trial de novo.  Tex. R. Civ. P. 574b.  An appeal of a
justice court judgment is perfected “[w]hen the bond, or the affidavit in lieu
thereof, provided for in the rules applicable to justice courts, has been filed
and the previous requirements have been complied with . . . .”  Tex. R. Civ. P. 573.  Thus, an
appellant from a justice court may perfect an appeal by filing an appeal bond
or an affidavit of inability to pay costs, in lieu of an appeal bond.  See Tex. R. Civ. P. 571, 572.

            An
appellant who files an appeal bond must do so within ten days from the date
that the judgment complained of is signed.  Tex.
R. Civ. P. 571.  If the appeal bond is successfully challenged, the
appellant must be provided five days, after notice, within which to correct
defects or irregularities of procedure, either of form or substance.  Id. 

An
appellant who is unable to pay the costs of the appeal must file his affidavit
of inability to pay costs, in lieu of an appeal bond, within five days after
the judgment complained of is signed.  Tex.
R. Civ. P. 572.  The affidavit must state that the appellant is unable
to pay the costs of appeal, in whole or in part.  Id.  The
nonappealing party may challenge the affidavit and the affiant’s indigency
within five days after the appealing party files the affidavit.  Id.  If the justice of the peace then denies the affidavit, and consequently
the appeal, the appellant has five days after that ruling in which to appeal to
the county court.  Id.  In such an instance, the county court
must hold a hearing within ten days and determine de novo whether the affidavit
is sufficient.  Id.  Although rule 571 allows an
appellant five days to correct a defective appeal bond, rule 572 does not make
any provision for correcting a defective affidavit of inability to pay costs.  Compare
Tex. R. Civ. P. 571 with Tex. R. Civ. P. 572.

In
this case, Walker did not appeal the justice court’s rejection of his affidavit
and denial of his appeal.  Instead, he proceeded to file his appeal bond.  According
to rule 571, Walker was required to file his appeal bond on or before June 6,
2008.  However, the justice court’s rejection of his affidavit and denial of
his appeal occurred seventy-eight days after his deadline for filing the appeal
bond expired.  Neither rule 571 nor rule 572 addresses whether the deadline for
filing an appeal bond is extended where, as here, that deadline expires before
the justice court rejects the affidavit of inability to pay costs and denies
the appeal. 

Moreover,
we have been unable to locate any pertinent cases arising out of appeals from
justice courts that address this issue.  In the past, an appeal bond or
affidavit of inability to pay costs in lieu of bond was required in ordinary
appeals from district or county courts.  See Tex. Rev. Civ. Stats. Ann. arts. 2098-2100 (1911, repealed 1941); Tex. R. App. P. 41 (1986, repealed 1997); see generally
49 Tex. B.J. 556 (1986); Tex. R. Civ. P.
356 (1981, repealed 1986); see generally 43 Tex. B.J. 767 (1980).  Other Texas courts have recognized
the scarcity of cases relating to perfection of appeals from justice to county
court.  Those courts have held that judicial opinions construing the ordinary
appeal bond statutes govern disputes in justice court relating to appeal bonds
and affidavits in lieu thereof.  This is because the purpose of those statutes
is the same and the language is similar to the justice court rules.  See Tisdale
v. F. Hannes & Co., 278 S.W. 324, 325 (Tex. Civ. App.—Austin 1925,
no writ) (holding that cases interpreting statute on appeal bonds in ordinary
appeals from district or county courts are controlling in justice court appeal
bond cases); Hart v. Wilson, 156 S.W. 520, 521 (Tex. Civ. App.—Amarillo
1913, no writ) (same).[1]

We
agree with the reasoning in these cases.  Based on the same reasoning, we rely
on cases that construe later procedural rules (the successor rules of civil
procedure to articles 2098–2100) relating to appeal bonds in ordinary appeals
from district or county courts. 

Former Appeal Bond Rules in
Appeals from District or County Courts

 

The
Texas Supreme Court has addressed whether, in an appeal from district court, the
time for filing an appeal bond was extended by a delay in ruling on a contest
to an affidavit of inability to pay costs.  See King v. Payne,
156 Tex. 105, 110, 292 S.W.2d 331, 334 (1956).  When the court issued its
opinion in King, Texas Rule of Civil Procedure 356 governed the
requirements for perfecting an appeal.  See Tex. R. Civ. P. 354-356 (1956, repealed 1986).  Like the
current justice court rules, the version of rule 356 in effect at that time was
silent as to whether a failed affidavit of inability to pay costs extended the
time within which to file an appeal bond if the time had expired under the
express language of the rule.  See id.

The
facts in King are analogous to those presented in this case.  In King,
the appealing party filed an affidavit in lieu of appeal bond.  Id., 156 Tex. at 107, 292 S.W.2d at 332. The nonappealing party successfully
challenged the affidavit.  Id.  The appealing party
then attempted to file an appeal bond after the deadline provided in rule 356.  Id., 156 Tex. at 109-10, 292 S.W.2d at 334-35.  In deciding the issue, the supreme
court held as follows:

 

The appeal bond was filed too late to invoke appellate
jurisdiction. . . . There is no provision or authority for extending the time
within which to file a bond.  Maples v. Service Mutual Ins. Co.,
Tex. Civ. App., 169 S.W.2d 500, writ dismissed.  In De Miller v.
Yzaguirre, Tex. Civ. App., 143 S.W.2d 425, in which this court refused
a writ of error unconditionally, it is clearly held that delay in acting on a
contest of an affidavit in lieu of bond does not operate to extend the time for
the filing of bond.  See also Brandon v. Tartt, Tex. Civ.
App., 220 S.W.2d 672, no writ.

 

Id.  Consequently, under King, an appeal bond
could be filed after a failed affidavit of inability to pay costs on appeal,
but only within the time expressly provided in the rule.  Id.
 

In
1981, the Texas Supreme Court amended rule 356.  See Tex. R. Civ. P. 356(b) (1981), amended
by order of June 10, 1980, eff. Jan. 1, 1981; see generally 43 Tex. B.J.
767 (1980).  Specifically, the supreme court added that “[i]f a contest to an
affidavit in lieu of bond is sustained, the time for filing the bond is
extended until 10 days after the contest is sustained….”[2]
 Tex. R. Civ. P. 356(b) (1981, repealed 1986).  “Prior to the inclusion of
[this] sentence in…Rule [356(b),] an appellant was doomed if the contest to his
affidavit was sustained after the deadline had passed for posting an appeal
bond.” Templo Ebenezer, Inc. v. Evangelical Assemblies, Inc., 734
S.W.2d 770, 772 (Tex. App.—Amarillo 1987, no writ). 

The
Texas Supreme Court also amended rules 571 and 572 in 1981. Tex. R. Civ. P. 571, 572 (1981),
amended by order of June 10, 1980, eff. Jan. 1, 1981; see generally 43
Tex. B.J. 767 (1980).  However, the automatic ten day extension provision was
not added to rule 571 or 572.  Therefore, the pre-1981 result under King still
applies to justice court appeals.

The Result

 

As
discussed above, the pertinent facts in the cases at hand are the same as those
in King: an affidavit of inability was timely filed, but the
justice court did not sustain the contest until after the deadline for filing
an appeal bond had expired.  Because we are constrained by the result in King,
we conclude that Walker’s appeal bond was untimely filed and therefore his
appeal was not timely perfected.

The
Texas Supreme Court has adopted the policy that the decisions of the courts of
appeals should turn on substance rather than procedural technicality, and that
the rules of civil and appellate procedure should be construed liberally in
favor of preserving the right of appeal.  See Verburgt v. Dorner,
959 S.W.2d 615, 616-17 (Tex. 1997).  However, the time for perfecting an appeal
is not a mere procedural technicality.  See Ballard v. Portnoy,
886 S.W.2d 445, 447 (Tex. App.—Houston [1st Dist.] 1994, no writ).  It is
jurisdictional.  Williams, 148 S.W.3d at 583.  Although we are
authorized to liberally construe the rules of procedure, we do not have the
authority to construe a rule of procedure so liberally as to enlarge our
jurisdiction.  Ballard, 886 S.W.2d at 447.  Accordingly, we
overrule Walker’s sole issue.

 

Disposition

We affirm
the trial court’s judgment. 

 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered October 30, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









      [1] 
Although Tisdale and Hart predate the rules of
civil and appellate procedure, no other authorities cast doubt on their
continued applicability or validity.  See also 6 Tex. Jur. 3d Appellate
Review § 886 (2008).

 





      [2]
 The 1981 amendment was prior to the adoption of the Texas Rules of Appellate
Procedure.  The Texas Supreme Court adopted the Texas Rules of Appellate
Procedure on September 1, 1986, thereby repealing the former appellate rules,
which were found in Texas Rules of Civil Procedure 352-522.  Texas Rule of
Civil Procedure 356(b) then became part of Texas Rule of Appellate Procedure
41(a)(2), which in pertinent part, is identical to rule 356(b).  Tex. R. App. P. 41(a)(2) (1986,
repealed 1997); see generally 49 Tex. B.J. 556 (1986) (order of the
Texas Supreme Court enacting the Texas Rules of Appellate Procedure). Rule
41(a)(2) was repealed in 1997 as part of the Texas Supreme Court’s overhaul of
the rules. Specifically, in 1997, the court, as a general rule, dispensed with
the need to file an appeal bond.  In contrast to justice court appeals, all
that is necessary now to perfect an appeal from district or county courts is a
timely notice of appeal.  Compare Tex.
R. Civ. P. 571-573 with Tex. R. App. P. 25.1(a);
see generally 60 Tex. B.J. 876 (1997).