PETER BLACK ET AL. v. GAYLE T. SNEDECOR.

Decided March 29, 1910.

**1.—Appeal—Inability to Give Bond—Statute Construed.**

A party desiring to appeal to a Court of Civil Appeals, would not be required under the provisions of the statute regulating appeals forma pauperis to dispose of or hypothecate any of his exempt property in order to obtain money with which to prosecute the appeal. The fact that a litigant has a homestead and other property exempt by law from forced sale would not deprive him of his right to appeal without payment of costs or giving bond therefor if he has no money and can obtain none with which to pay such costs and can get no one to go his security therefor without hypothecating his exempt property.

ON REHEARING.

**2.—Same—Contest—Effect of Order.**

In a contest of the affidavit of an appellant that he is unable to pay the costs of an appeal or give security therefor, the order of the judge made and entered upon hearing the evidence is conclusive only as to the facts found by the judge; but the judgment or conclusion of the judge as to whether the facts found entitle the appellant to appeal without bond or payment of the costs, is not binding on the appellate court, and the appellate court has jurisdiction to determine the correctness of such legal conclusion.

Application for mandamus by Peter Black and wife against Gayle T. Snedecor. Tried before Hon. Geo. C. Baker, Jr.

*J. C. Mitchell,* for applicants.

*Russell & Pearson,* for respondents.

PLEASANTS, Chief Justice.—On November 25, 1909, in a suit of trespass to try title, brought by appellants Peter Black and wife against M. Feeney and others in the District Court of Fort Bend County, a judgment was rendered in favor of defendants against plaintiffs for the land in controversy and all costs of suit. Plaintiffs gave notice of appeal from this judgment, and in due time made and filed with the respondent, who is clerk of said District Court, an affidavit in lieu of an appeal bond as provided by the statute, and requested respondent to prepare a transcript for appeal of said cause, which he refused to do.

Black and wife have applied to this court for a mandamus to compel respondent to make up and deliver to them a proper transcript of the proceedings in said cause. Upon notice to the respondent to show cause why the writ of mandamus should not issue as prayed for, he has filed an answer in which it is contended that the findings of the county judge, before whom proof of applicants' inability to pay the costs of appeal or give security therefor was made, are insufficient to entitle them to prosecute their appeal without giving a bond as required by the statute.

Appellants' affidavit of inability to pay costs or give security therefor was contested by the defendants in the judgment and by the official stenographer of the court in which the judgment was rendered. Upon a hearing of this contest before the county judge of Fort Bend County, the judge found that the applicants owned a homestead and other exempt property of the value of $1,762, but that they had no money with which to pay the costs of appeal and could get no one to sign an appeal bond with them. His order upon said contest is as follows:

"I therefore conclude that plaintiffs are unable to pay the costs of appeal, and are unable to give security therefor, and that, therefore, their affidavit is well taken, and that they should be allowed to prosecute their appeal without paying the costs or giving security therefor, but by virtue of said affidavit, and it is so ordered."

No appeal is given by the statute from an order or judgment on a contest of this kind, and the finding of the court or judge hearing such contest is conclusive of the matter. Sayles' Civil Statutes, art. 1401.

If we had any jurisdiction to determine the correctness of such finding we would not hold that the facts found by the county judge in this case are not sufficient to sustain the affidavit of inability to pay the costs of appeal or give security therefor. We do not think appellants were required to dispose of or hypothecate any of their exempt property in order to obtain money with which to prosecute their appeal. The fact that a litigant has a homestead and other

property exempt by law from forced sale does not deprive him of his right to appeal without payment of costs or giving a bond therefor if he has no money and can obtain none with which to pay such costs, and can get no one to go his security therefor. The answer of respondent shows no sufficient cause for his refusal to make up the transcript and the writ of mandamus will issue.

### ON MOTION FOR REHEARING.

In our opinion filed herein on March 4, 1910, in regard to the conclusiveness of an order of a county judge made in a contest of an affidavit of inability to pay the cost of appeal or give security therefor, we say: "No appeal is given by the statute from an order or judgment on a contest of this kind, and the finding of the court or judge hearing such contest is conclusive of the matter." This is not an accurate statement of the law. Such an order is conclusive only as to the facts found by the judge, and the judgment of the judge in such case as to whether the facts found entitle the applicant to appeal without bond or payment of costs, is not binding on the appellate court.

This distinction between the conclusiveness of the judge's findings of fact and his conclusions of law thereon can rarely arise on such contests because the question of whether a party desiring to appeal is able to pay the costs of appeal or give security therefor is usually purely a question of fact; but it seems to be settled that where, as in the present case, the judge finds the specific facts upon which he bases the legal conclusion that the applicant should or should not be allowed to prosecute his appeal without giving an appeal bond, the appellate court has jurisdiction to determine the correctness of such legal conclusion. Pendley v. Berry, 95 Texas, 74; Murray v. Robuck, 89 S. W., 781.

Our former opinion herein is modified to the extent above indicated, but we adhere to our former conclusion that, upon the facts found by the judge, he correctly held that the applicants were entitled to prosecute their appeal upon their affidavit of inability to pay the costs thereof or give security therefor. The motion for rehearing is overruled.

*Mandamus awarded.*