## F. M. GIRAUD v. MARY E. V. WINSLOW.

### No. 2170. Decided May 31, 1911.

**City Ordinance—Building—Establishment of Street Line—Mandamus.**

    A city ordinance requiring lot owners, under penalty, before building on the line of any established street, to have the line thereof fixed by the city surveyor, who was to do the work gratuitously on demand, was for the purpose of preserving the street lines as established by the city. The owner could not demand thereunder a surveyor for the purpose of determining the true street line, as distinguished from that established and recognized by the city, he claiming a different one, nor obtain mandamus requiring that officer to make survey for such purpose. (Pp. 318-320.)

    Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

    Mrs. Winslow sued Giraud, city engineer, and obtained writ of mandamus requiring him to make survey. Defendant appealed and on affirmance, obtained writ of error.

    *Joseph Ryan* and *J. B. Ryan,* for plaintiff in error.—Appellee has an adequate remedy by suit in trespass to try title—to the strips of land in controversy which are claimed and used by the city as parts of its public streets—against the city of San Antonio. Screwmen's Assn. v. Benson, 76 Texas, 555; Jones v. McMahon, 30 Texas, 730; Jackson v. Swayne, 92 Texas, 246; Aycock v. Clark, 94 Texas, 377.

    Appellee's only remedy to recover possession of the strips of land in controversy is "trespass to try title." Rev. Stat., art. 5248; San Antonio v. Rowley, 48 Texas Civ. App., 376; Titus v. Johnson, 50 Texas, 224; Hays v. Texas & P. R. R., 62 Texas, 397.

    It having been shown that the engineer did give the line, its correctness is a matter of discretion which can not be controlled by mandamus. Sansom v. Mercer, 68 Texas, 492; Bledsoe v. International & G. N. R. R., 40 Texas, 538; Ewing v. Cohen, 63 Texas, 482.

    No briefs for defendant in error.

    MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

    There was in force in the city of San Antonio the following ordinance which had been duly adopted by the council of that city:

    "Section 17. Each and every person contemplating building houses, walls or fences are hereby required on or before the commencement of any such building, wall or fence on any established street, land, alley or plaza within the corporate limits of this city, to have the line or lines of the said lot or lots fronting on any such street, lane, alley or plaza established and fixed by the city surveyor, who shall make no charge therefor. And all persons violating the provisions of this sec-

tion shall, on conviction before the recorder, be subject to a fine of not more than ten dollars ($10.00) for each and every day so offending."

F. M. Giraud was city engineer of the said city and Mary E. V. Winslow owned certain property in the said city which fronted upon a street thereof. Through her attorney, Mrs. Winslow made demand in writing of the engineer to give her the lines of certain streets named therein, which are unimportant in this connection, asserting that she owned certain lots, giving the numbers of the lots and blocks which fronted upon the streets named. The engineer declined to comply with the request as made, but offered to give the lines of the streets as established and recognized by the city, which Mrs. Winslow, by her attorney, refused to accept. Mrs. Winslow filed a petition in the District Court of Bexar County praying for a writ of mandamus to compel the city engineer to survey and furnish to her the lines of the said streets, to which the respondent replied, in substance, that he had never refused to give the street lines and was then and ever had been ready and willing to comply with the said request, except that he refused to follow the direction of the counsel for Mrs. Winslow in making the said survey. It does not appear directly from the record what the demand of the attorney of Mrs. Winslow was, but it is evident that he required of the engineer to run lines different from those which were established and recognized by the city, or to designate street lines where none had been established.

At the trial a jury was empanelled and the evidence introduced, when, the respondent being upon the stand, the court propounded to him the following question: "Have you given to that lady the street lines that you honestly believe are the correct property lines?" To which he replied, "No." Thereupon the judge discharged the jury and entered a judgment requiring and commanding the defendant "F. M. Giraud forthwith to go out and resurvey the streets and give the property lines which in his opinion are correct and in accordance with the established monuments and data, maps and records, on file in the city engineer's office of the city of San Antonio." And after having made a resurvey the defendant was ordered to report to the court. The judgment of the District Court was affirmed by the Court of Civil Appeals from which this writ of error was granted.

In the face of the ordinance it is written that before the property owners proceed to build any structures on an "established street," he shall make application to the engineer "to have the line or lines of the said lot or lots fronting on any such street, lane, alley or plaza established and fixed by the city surveyor who shall make no charge therefor." The purpose of this ordinance was to preserve the regularity and harmony of the streets and highways of the city, which could only be done by compelling the observance of the lines as they had been established. It was not the purpose of the city to furnish a surveyor to the property holder to correct errors which may have been committed in the establishing of the lines of the streets of the city. If there were errors in such established lines, then it was not within the authority of the engineer to settle the matter of dispute between the citizen and the city, as the courts seem to have held. Instead of acting for the

city as was intended that he should, in order to preserve the regularity of its streets, the court has required the engineer to make a survey which he believes ought to have been made in the first instance and to correct lines of streets recognized and established in the city, thereby destroying the uniformity of the streets and disarranging the whole plan of the city. If Mrs. Winslow believed that she was entitled to land which was embraced in the established streets of the city of San Antonio, she had her remedy by going into the court and there prove her claim, but she had no right to call upon the city engineer to disregard the established lines of the streets of the city and thereby to adjudicate a matter of dispute between her and the city. If there could be a doubt upon the general language of this ordinance as to its scope it seems to us that it would be definitely and thoroughly settled by the fact that under the ordinance it was not a voluntary resort to the engineer to establish the line but a measure of compulsion by the city which required the property owner to make the application for the establishment of the line. A failure to comply with the provision of the ordinance was made an offense to be punished by fine of $10.00 for every day that the party might proceed with the work on the lines of the streets in disregard of the requirements of the ordinance. The property owner might be entirely satisfied with the lines, but the city reserved the right to see to it that no mistake should be made. If in fact these lines had not been established, then under the terms of the ordinance the engineer had no power to establish them where he honestly believed they should be, his duty was to point out the lines already established.

There are other questions which might be discussed in this opinion but we shall only notice them in so far as to say that we do not tacitly affirm the correctness of such as we have failed to discuss and only decide that the ordinance above quoted required only that the engineer should point out to the property owner the line of the street as it had been established and was recognized by the city. It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that the writ of mandamus in this case be refused and that respondent go hence without day and that he recover of the relator, Mrs. Winslow, all costs in all the courts.

*Reversed and rendered.*