BOONE et al. v. McBEE, Clerk.    (No. 7010.)

(Court of Civil Appeals of Texas. Austin. Jan. 20, 1926.)

1. Appeal and error ⚹➙389(2)—Affidavit of appellant of inability to pay costs or give security therefor held insufficient, in so far as it was on behalf of coappellants.

Where appellant made affidavit on behalf of herself and codefendants of inability to pay costs or give security, but testimony showed that she was not authorized to represent codefendants, affidavit in behalf of her codefendants was insufficient, and they were properly required to give bond for appeal.

2. Homestead ⚹➙84, 167—May consist of undivided interest; is not lost by partition sale.

Homestead of married woman may consist only of an undivided interest in the tract, and exemption is not lost or homestead rendered subject to execution by order of sale in partition proceedings.

3. Appeal and error ⚹➙389(1)—Litigant need not sell or incumber exempt property to give security for costs.

A litigant need not sell or incumber exempt property in order to give security for costs on appeal.

4. Appeal and error ⚹➙389(1)—Poor person held entitled to appeal without bond for costs, where only property claimed as homestead was in custodia legis.

Woman with children, whose husband did not contribute to her support, and whose earnings were only $5 per week, and whose only property was claimed as her homestead, held entitled to appeal without bond, especially where such property was in hands of clerk of court as receiver, and, if subject to execution, he was secured as adequately as by bond.

5. Mandamus ⚹➙57(1) — Finding by county judge that appellant was not entitled to appeal without bond held not to prevent awarding mandamus requiring clerk of court to deliver transcript of record to appellant.

Where order of county judge, denying leave to appeal without giving security for costs, was erroneous on undisputed facts, mandamus to require clerk to deliver transcript will not be denied because his duty as ministerial officer was not clear, although, if facts or inferences to be drawn therefrom were in dispute, action of county judge would be final.

---

**6. Mandamus ⬡➝10—Necessary conditions to enforce ministerial duty by mandamus stated.**

Mandamus will not issue to enforce right which is contingent or incomplete by reason of condition precedent to be performed by petitioner or relator, or which is contingent on further act of third person or tribunal.

Original application by Dora Boone, joined pro forma by her husband, Wm. Boone, and others, relators, for mandamus against J. C. McBee, as clerk of the District Court of Hays County, to require him to deliver a transcript of the record in order to prosecute an appeal. Writ awarded on behalf of relators Dora Boone and her husband, but refused as to the other relators.

King & York, of Austin, for relators,

Louis D. Hill, of San Marcos, for respondent.

McCLENDON, C. J. This is an original application for writ of mandamus, filed by Dora Boone, joined pro forma by her husband, Wm. Boone, of Hays county, Wm. Walker, of McLennan county, and Alec Walker, of Ft. Bend county, as relators, against J. C. McBee, in his official capacity as clerk of the district court of Hays county, as respondent. Relators seek to compel respondent to prepare and deliver to them a transcript of the record in a certain cause pending in said district court, in order to prosecute an appeal to this court.

It appears that in cause No. 4139, on the docket of the district court of Hays county, styled Wm. Walker v. Basil Dailey et al., a judgment was rendered on October 8, 1925, in which the plaintiffs were denied recovery of a 60x60 vara tract of land which was decreed to be owned by two of the parties defendant, and a 30x45 vara adjoining tract, decreed to be owned by defendant Dailey. Another tract of 30x45 varas was decreed to be owned jointly by relators and two others, relators owning each a one-fifth undivided interest. This last tract was ordered partitioned, and as it was decreed not to be subject to partition in kind, the respondent was appointed receiver to sell it at private sale and return the proceeds into the registry of the court, to be divided among the several owners. Notice of appeal was given by relators, and on November 10, 1925, relator Dora Boone, on behalf of herself and her two corelators, made an affidavit of inability to pay the costs or give security therefor. Respondent on the same day filed a contest of this affidavit, and it was set down for hearing before the county judge on November 13, 1925. In this contest, exception was taken to the affidavit in so far as it was filed on behalf of the corelators, and specific denial was made of relators' inability to pay the costs of appeal or give the proper bond, "for the express reason that said Dora Boone, Wm. Walker, and Alec Walker and each of them, have an interest in real estate situated in Hays county, Tex., subject to execution, worth as much as the costs of appeal of said cause, or at least a substantial part thereof." There was a hearing before the county judge, and an agreed statement of all the evidence adduced at the hearing was signed by attorneys for all parties to the suit and approved by the county judge. The latter entered an order on the day of the hearing, in which he found that each of the relators had property in Hays county subject to execution in an amount sufficient to pay costs of appeal, and further that the affidavit of the relator Dora Boone, in so far as it was on behalf of her corelators, was insufficient in law, and it was thereupon ordered by the county judge that the affidavit "be denied," and that relators be required to make proper bond as a condition precedent to an appeal from the judgment.

[1] With reference to the corelators Alec Walker and Wm. Walker, we think it is only necessary to say that it appears from the testimony of Dora Boone that she was not authorized to represent them. She had not heard from them, as she expressed it, in some time, and had had no communication with them "regarding the execution of an appeal of the judgment in cause No. 4139." In so far as those two relators are concerned, the order of the county judge is correct.

The agreed statement of facts showed without controversy that Dora Boone was a poor woman, earning about $5 a week; that she had a husband and several children, but her husband did not contribute to her support; that she was unable to pay the costs; that she had applied to a number of people to become surety on an appeal bond, and was refused in each instance; and that she had no property whatever, except her undivided one-fifth in the tract of land decreed to her in the judgment from which she desired to appeal. The only evidence of the value of this tract was the testimony of the respondent to the effect that Dora Boone's one-fifth interest in it was sufficient to pay the costs of appeal. It was shown, however, without controversy, that this property had a small residence on it which had been occupied by Dora Boone and her family for over 10 years as a homestead.

[2, 3] The record therefore conclusively shows that the facts stated in Dora Boone's affidavit were true. This is conceded by the respondent, provided her one-fifth interest in the tract ordered partitioned was not subject to execution. It is contended in this regard that such is not the case, because she owned only an undivided interest therein, and her interest had been ordered sold in order to divide the proceeds. This contention is utterly without merit. Aside from the fact that it is not necessary for a litigant to sell or incumber exempt property in order to give security for costs on appeal, there was no way by which Dora Boone and husband could

---

⬡➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(280 S.W.)

give a lien on this property for borrowed money or to indemnify one acting as surety upon an appeal bond. That it was homestead, and therefore not subject to a voluntary mortgage or lien, is too well settled to require citation of authority. The fact that Dora Boone's interest was only an undivided one did not alter the situation. The homestead character extended to her entire interest, and beyond that she could not resort to the property for any purpose. See cases cited in vol. 12 Texas & S. W. Dig., title "Homestead," key No. 84.

[4] It appears that the property was in custodia legis for the purpose of sale, and that the respondent, himself, was receiver under the appointment and direction of the court rendering the judgment sought to be appealed from. If as a matter of fact the property or its proceeds were subject to execution, the respondent was as secure in the payment of his costs as he would have been had it been sold and the proceeds placed in his hands for that purpose.

The record shows, as a matter of law that relator Dora Boone was entitled to appeal upon her affidavit and the showing made.

[5, 6] Respondent contends that, as he was merely a ministerial officer of the court, he cannot be compelled to perform the act, the performance of which is sought by the mandamus proceeding, because the county judge has found relator was not entitled to appeal without giving bond, and the duty of the clerk is therefore not clear, and the remedy of relator is to seek a mandamus against the county judge. In this connection respondent also excepted to the petition for mandamus on the ground that the county judge was not made a party. The principle sought to be invoked is that, in order to enforce by mandamus a ministerial duty, the obligation must be both peremptory and plainly defined (18 R. C. L. p. 119), and that mandamus will not issue to enforce a right which is contingent or incomplete by reason of condition precedent which is still to be performed by the petitioner or relator, or which is contingent upon the further act of a third person or tribunal. 38 C. J. 586; Railway v. Jarvis, 15 S. W. 1089, 80 Tex. 467.

These principles are well established, but, in our judgment, they do not apply to the case at bar. The county judge is authorized to pass upon the facts which the evidence introduced to support the affidavit and the contest present. If there is a dispute in the facts, or if the conclusions to be drawn therefrom are the subject of substantial dispute, the action of the county judge is final; but, where there is no controverted issue of fact, no discretion is lodged with the county judge, and his action in denying or granting the right of appeal is not binding, but is subject to review. The only discretion lodged with the county judge is to pass on the facts.

What he did in the present instance was merely to hold as a matter of law that relator was not entitled to appeal without giving security, because she owned a one-fifth undivided interest in the property decreed to her in the judgment sought to be appealed from, which, as shown by the uncontradicted evidence in the case, was homestead and not subject to execution, and was in custodia legis under an order requiring the respondent to sell it. Under these circumstances the authorities recognize the right of relator to appeal, and it became the clear and unequivocal duty of the respondent, upon proper demand, to make out and deliver to relator the transcript. There was nothing for the county judge to do in the premises. He was not interested in the litigation, acted only in his official capacity, and had no power to determine as a matter of law the right of appeal, but only to determine whether the facts stated in the affidavit were true.

The case of Murray v. Robuck (Tex. Civ. App.) 89 S. W. 781, is directly in point. In that case, as in this, the county judge had held the facts insufficient. The application for mandamus was directed against the clerk alone, and the mandamus was awarded.

In so far as the relators Wm. and Alec Walker are concerned, the prayer for a writ of mandamus is denied; but it is ordered that mandamus issue as prayed for on behalf of relators Dora Boone and husband, Wm. Boone.

Granted in part, and in part refused.