**TALIAFERRO v. HALE et al.**
No. 4227.

Court of Civil Appeals of Texas. Texarkana.
Feb. 27, 1932.

Walter R. Fly, of Dallas, for relator.

LEVY, J. (after stating the case as above).

It is believed the record presents the question of whether or not the alternative writ of mandamus is allowable in the situation shown. Mandamus is not a method of review of the action of a trial court, but is an original proceeding to be determined upon its merits. Under the authorities, the action of the county judge in denying the appeal upon affidavit of poverty is subject to review by the appellate court. Pendley v. Berry and Towles, 95 Tex. 72, 65 S. W. 32; Murray v. Robuck, Clerk (Tex. Civ. App.) 89 S. W. 781; Black v. Snedecor, 60 Tex. Civ. App. 125, 127 S. W. 570; Boone v. McBee, Clerk (Tex. Civ. App.) 280 S. W. 295, 297. But the review is limited to the legal effect of the facts found by the county judge. As was clearly stated in the case of Boone v. McBee, Clerk, supra: "If there is a dispute in the facts, or if the conclusions to be drawn therefrom are the sub-

ject of substantial dispute, the action of the county judge is final." Therefore, a statement of the evidence introduced in the hearing of the contest becomes necessary to be presented to the appellate court in order to the determination by that court of the correctness of legal effect given by the county judge to his findings and conclusions of fact. The relator is really seeking to have that very thing done in the present application. Was it the legal duty of the county judge and the official court reporter of writing out and certifying and filing in the first instance of a statement of the evidence introduced in the contest? The rule is plainly settled that mandamus will lie only to compel officials to perform duties which result from the office and expressly enjoined by law as absolute and official. 38 C. J. § 75, p. 600. Should the duty belong to some other officer or tribunal, or respondent has no power to act, the writ will be denied. Common School District v. Keeling, 113 Tex. 523, 261 S. W. 364; Giraud v. Winslow, 104 Tex. 318, 137 S. W. 917. By the terms of the statute an official court reporter is the appointee, not of the county judge, but of the district judge. Article 2321 (Rev. St.). His duties, as prescribed by the statute, are to "attend all sessions of the [district] court," and to take down and preserve all evidence offered "in every case tried in said [district] court." Article 2324. The words "every case tried in said court" does not refer to nor include a proceeding before the county judge in contest of a pauper's affidavit for appeal. It is a case on trial of the merits in the district court, and not a subsequent special proceeding before the county judge, that is indicated by the words employed. And the free statement of facts required to be made up and delivered by the official reporter is the whole evidence introduced in the trial of the case on the merits. Vernon's Ann. Civ. St. art. 2278a. And as respects the county judge, the statute merely clothes him with the authority, as a judge in vacation, to hear the contest of a pauper's affidavit for appeal, made in a case tried in the district court, and to enter an order of allowance or refusal of such appeal according as the evidence may show the truth of the indigence of the appellant. Article 2266 (as amended by Acts of 1931, c. 134, § 1 [Vernon's Ann. Civ. St. art. 2266]). He is given purely a special statutory authority in such respect and his powers and duties could not go beyond those authorized. It is en-

joined upon the county judge the duty ."to hear the evidence introduced upon the contest," and thereupon to determine "the right of the party to appeal," and to make and certify the findings and conclusions of fact upon which he based the determination sustaining or disallowing the appeal, and to file such findings and conclusions of fact in the district court as a part of the record of the case. The duty is not enjoined upon nor does it belong to the county judge to write out in the first instance and certify and file as a part of the record the whole evidence introduced in the contest. Therefore in the situation the duty would devolve upon the party seeking appellate review of the action of the county judge to write out and properly present to the county judge for certification and filing a statement of the whole evidence introduced in the contest. 3 Cyc. p. 53. Article 2240, R. S., would appropriately indicate and govern the procedure of the parties and fix the duty of the judge in such respects. The parties can take down and preserve the evidence in the contest in whatever manner they deem appropriate. It is only when the county judge has refused to prepare and certify the statement of evidence, after the parties disagree, that he can be compelled to perform such duty. As we conclude, the county judge has filed conclusions of fact, and there is absent only the transcript of the evidence heard upon the contest. In this view the application as presented must be refused, because the county judge as far as shown has violated no legal duty, and no duty to take down and transcribe the evidence in the particular contest devolved upon the official court reporter of the district court.

As respects the district clerk, as well as the official reporter, in the particulars of a transcript of the record and statement of facts upon trial on the merits, a mandamus cannot be awarded unless it be determined that the right to prosecute the appeal on affidavit of poverty exists in the relator. The determination of that question depends entirely upon whether or not the action of the county judge, in denying the appeal upon the affidavit, was correct. He has denied the appeal, and in the absence, as here, of a transcript of evidence heard in the contest, we must presume, and are unable to conclude otherwise, that the conclusion was justified.

The application is denied.