**RUTHERFORD et al. v. VANDYGRIFF et al.**

Motion No. 2763.

Court of Civil Appeals of Texas. Waco.

June 21, 1934.

W. D. Colvin and Lynn B. Griffith, both of Waxahachie, for relators.

Renfro & McCombs and Jas. A. Kilgore, all of Dallas, for respondents.

ALEXANDER, Justice.

This is an original application for a writ of mandamus filed in this court by Mrs. Mary Rutherford, joined pro forma by her husband, against the district judge, clerk, and court reporter to require the preparation of the transcript and statement of facts in the case of Dallas Joint Stock Land Bank v. Mrs. Mary Rutherford et al., pending in the district court of Ellis county. The record discloses that the Dallas Joint Stock Land Bank filed suit in the district court against Mrs. Rutherford and husband and others in trespass to try title to recover the title and possession of 56 acres of land, the title to which the bank claimed to have acquired through foreclosure sale under a power given in a deed of trust. Mrs. Rutherford's husband made default, but she defended on the ground that said land, which was her separate property, was a part of her homestead and that the purported deed of trust under which the foreclosure was had was procured through duress and that she had been caused to sign same as the result of fear of her husband and that said lien was in violation of the Constitution. The verdict and judgment was for the plaintiff. Mrs. Rutherford alone gave notice of appeal. In lieu of an appeal bond, she filed an affidavit of her inability to pay the costs or give security therefor, as provided in Revised Statutes, art. 2266, as amended by Acts 1931, c. 134, § 1 (Vernon's Ann. Civ. St. art. 2266). This affidavit was duly contested by the district clerk, and upon a hearing of the contest in the district court, that court sustained same and ordered that as a condition precedent to the appeal Mrs. Rutherford be required to pay the costs of appeal or give security therefor.

All parties concede that there is no conflict

in the substantial part of the testimony introduced upon the hearing of the contest. This testimony shows without dispute that Mrs. Rutherford owns 136½ acres of land, which is her homestead, eleven old mules, six cows, two or three calves, and necessary farming implements to cultivate the farm; that her son cultivates the farm for her; that she has no money and that after diligent effort she has been unable to induce any one to sign an appeal bond; that the mules and other personal property are mortgaged to a local bank to secure the payment of a debt of $600 carried over from previous years; that for many years it has been Mrs. Rutherford's custom to mortgage her mules and the crop to be grown for the current year to secure supplies with which to make the crop for that year; that when times were good she was able to borrow on such collateral as much as $2,000; that in 1933 she was able to secure an advancement of $500; that at the time of the trial the crop for the current year was unincumbered and no advancements had been secured for making such crop; that in 1933 Mrs. Rutherford's farm produced thirty bales of cotton which she sold for $1,200 and four hundred bushels of corn which she used for feed; that a large part of the money received from said crop was used to retire prior existing indebtedness so as to reduce said indebtedness to $600 as above set out.

The respondents recognize that all of the land owned by Mrs. Rutherford is exempt as a homestead and cannot be mortgaged to secure the costs of appeal. It is their sole contention that the anticipated revenues from the farm for the year 1934 are such that relator could, either by a sale or pledge thereof, secure the funds with which to pay at least a part of such costs.

■ It is well recognized that the ungathered crops being grown by Mrs. Rutherford on the homestead during the current year are exempt from forced sale. 22 Tex. Jur. 193; Alexander v. Holt, 59 Tex. 205; First National Bank v. Cooper (Tex. Civ. App.) 12 S.W.(2d) 271, par. 2, and cases there cited. It is also well settled that an appellant, in order to secure the benefits of the statute in question, is not required to either sell or incumber property exempt to him as the head of a family for the purpose of procuring money for the payment of such costs. 3 Tex. Jur. 354; Williams v. Jones (Tex. Civ. App.) 5 S. W.(2d) 867 and cases there cited; Boone v. McBee (Tex. Civ. App.) 280 S. W. 295; Black v. Snedecor, 60 Tex. Civ. App. 125, 127 S. W. 570; Murray v. Robuck (Tex. Civ. App.) 89 S. W. 781. Therefore the crops being grown on the homestead during the current year cannot be taken into consideration in determining whether or not Mrs. Rutherford can give security for or pay the cost of the appeal. Consequently it is apparent that the facts stated in the affidavit are true.

■ Where there is a substantial dispute in the testimony as to an appellant's ability to pay the costs of appeal, or a part thereof, or to give security therefor, the weight to be given to such testimony and the conclusions to be drawn therefrom are for the trial court, and his findings as to whether the facts stated in the affidavit are true or false are binding upon this court; but where there is no substantial dispute in the testimony and only one proper inference can be drawn therefrom, the trial court's conclusion that an appellant, who has executed the affidavit as provided by statute, is or is not entitled to appeal, is one of law subject to revision and control by mandamus from this court. 28 Tex. Jur. 586; 3 Tex. Jur. 354; Boone v. McBee (Tex. Civ. App.) 280 S. W. 295; Pendley v. Berry, 95 Tex. 74, 65 S. W. 32, 33; Murray v. Robuck (Tex. Civ. App.) 89 S. W. 781; Black v. Snedecor, 60 Tex. Civ. App. 125, 127 S. W. 570. Since under the undisputed testimony the relator has no money with which to pay the costs and cannot induce any one to sign an appeal bond for her, and since the only property owned by her that could be sold or pledged for money with which to pay such costs is exempt and under the law she cannot be compelled to so sell or pledge the same, the trial court was in error in sustaining the contest and denying her the right to appeal on affidavit as provided for in the statute.

■ Since Mrs. Rutherford complied with the provisions of the statute and is authorized to appeal by affidavit, she is entitled to have the clerk prepare a transcript of the proceedings and the court reporter prepare a statement of facts without the payment of the costs thereof. 26 Tex. Jur. 589; Dunn v. Allen (Tex. Civ. App.) 63 S.W.(2d) 857; Barrera v. McCormick (Tex. Civ. App.) 63 S.W.(2d) 1084.

The writ of mandamus will issue as prayed.