## SPEED v. KEYS.

### No. 2055.

Court of Civil Appeals of Texas. Waco.

Nov. 4, 1937.

1246

See also (Tex.Sup.) 109 S.W.2d 967.

Renfro Speed, of Teague, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

### ALEXANDER, Justice.

This is an appeal from a temporary order of the trial court, restraining Renfro Speed, as the county attorney, J. R. Sessions, as the sheriff, and others, of Freestone county, from interfering with the operation of certain marble machines owned and operated by the plaintiff. The plaintiff alleged, in substance, that he was the owner of forty automatic marble machines, known as marble tables, which he desired to lease out and place in operation in various public places in Freestone county, but that the county attorney, sheriff, and others have forbidden the operation of said machines in said county on the ground that same were gambling devices prohibited by law, and that said defendants were threatening to seize said machines and to arrest the plaintiff and others who attempted to operate them and would do so unless re-

strained by the court. On August 5, 1937, at an ex parte hearing and without the introduction of any evidence, the trial court directed the clerk "to issue a temporary restraining order, operative until and pending the hearing below ordered, restraining the defendants * * * from seizing any of the machines described in said petition * * * and from molesting, arresting, or in any manner interfering with, directly or indirectly, complainant, his agents and lessees in the operation of said machines * * *. The Clerk of this court shall quote this fiat and embody such order in a writ which shall also require the defendants to appear in the court room of this court, at Fairfield, Freestone county, Texas, on the 22nd day of November, 1937, to show cause why a temporary injunction should not be granted upon such petition, effective until final decree in such suit." From this order the defendant Renfro Speed has attempted to prosecute an appeal.

Appellee has moved to dismiss this appeal on two grounds; First, because no proper appeal bond was given and the procedure authorizing the prosecution of an appeal on affidavit of inability to give security for costs was not properly followed; and, second, because the order attempting to be appealed from is a temporary restraining order as distinguished from a temporary injunction and it is contended that under the statute no appeal lies therefrom.

The order appealed from was entered on the 5th day of August, 1937. On the 14th day of August, Renfro Speed, one of the defendants, filed his affidavit in statutory form, in lieu of an appeal bond, in which he swore that he was unable to pay the costs of appeal or any part thereof or to give security therefor. On August 23, 1937, the plaintiff, Thomas Keys, filed a controverting affidavit, in which he swore that the said Renfro Speed was able to give security for costs of appeal. The transcript was filed in this court on August 25, 1937. No statement of facts has been filed, and the transcript does not contain any certificate of the trial judge or of the county judge showing that any evidence was introduced in support of the contest or that a ruling was invoked thereon. In the absence of such showing, we must presume that no evidence was introduced by appellee and that appellee did not invoke a ruling on such contest. The material question to be determined is: Whose duty was it to

introduce evidence and procure a ruling of the trial judge on the issue as to appellant's right to appeal without bond? If this duty rested on appellant, then he has failed to meet the requirements and the appeal must be dismissed; but if such duty rested on appellee, he has not properly contested appellant's affidavit, and the motion to dismiss the appeal on this ground must be overruled.

■ Prior to the last amendment (Acts 1931, c. 134, § 1 [Vernon's Ann.Civ.St. art. 2266]) to Revised Statutes, art. 2266, which provides for the appealing of a case on affidavit of inability to pay costs, that article merely provided that a party attempting to so appeal a case shall be required to "make strict proof of his inability to pay the costs, or any part thereof. Such proof * * * shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon [it shall be the duty of] the court trying the case * * * [to] hear evidence and [to] determine the right of the party [under this article] to his appeal." The Supreme Court, in discussing the effect of the mere filing of an unsworn answer controverting appellant's affidavit of inability to pay the costs and the failure on the part of appellee to introduce any evidence in support thereof, said: "The plaintiff filed an affidavit in lieu of an appeal bond, which stated all the facts required by the statute. This was all the proof of inability which the law required, so long as it was uncontested. The defendant filed a paper, unverified by oath, which merely denied the statements of the affidavit and affirmed in general terms. the ability of the plaintiff to give security for, or pay, the costs. No. evidence it is claimed was offered by either party, and the proposition is that the burden was on the appellant after the affidavit had been so contested to offer further proof of inability. We do not think the effect of the affidavit could be destroyed in this way. While the statute does not prescribe the manner in which the affidavit may be contested, it does say that the proof of inability required shall consist of the affidavit. It then allows a contest of it, and, when there is a contest, provides that it is the duty of the judge 'to hear evidence and determine the right of the party to his appeal.' This does not in our opinion entitle an appellee by an unverified general traverse to require of his adversary further proof than that already given and declared to be sufficient until contested. It is such affidavit that is to be contested and it naturally follows that it is to be contested by something having probative force; otherwise, it would be within the power of the appellee to destroy the effect given by the law to the affidavit without offering anything entitled to weight as evidence against it." Currie v. Missouri, K. & T. Ry. Co., 101 Tex. 478, 482, 108 S.W. 1167, 1168.

■ It is true that the answer in the case above quoted from was unverified, but we think the language of the Supreme Court makes it clear that the mere filing of an answer by the appellee, under the statute as it then existed, was insufficient to defeat the right of an appellant who had complied with the statute, and that the burden was on appellee to go further and introduce evidence and secure a finding of the court that the facts stated in appellant's affidavit were untrue. Since that decision was announced, the statute has been amended and it now contains the following additional provision: "It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive." This statute, by express terms, makes appellant's affidavit prima facie proof of his right to appeal without bond, and, in the absence of evidence to the contrary, no further proof on the part of appellant is necessary. This is the construction that has been placed on a similar provision in the statute regulating venue. 43 Tex.Jur. 851; Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677. On the other hand, the statute does not provide that a verified answer by appellee shall have any probative force, and in the absence of such a statutory provision such an answer cannot be accepted as proof of the facts therein alleged. 2 Tex.Jur. 335, par. 3. Consequently, we hold that since appellee did not introduce evidence and otherwise prosecute his contest to a conclusion and secure a finding in his favor, he did not successfully contest the prima facie case made out by appellant's affidavit. We overrule appellee's contention in this respect. See, in this connection, Texas Electric Ry. v. Cox (Tex.Com.App.) 49 S.W.2d 725, 89 A.L.R. 11; Cox v. Gafford (Tex.Civ.App.) 26 S. W.2d 412, par. 8.

■ The second ground for dismissing the appeal is that the order attempted to be

appealed from is a temporary restraining order and not a temporary injunction, and hence no appeal lies therefrom. While the order was issued on August 5th and was to remain in force until November 22d, a period of over three and one-half months, yet it is designated a temporary restraining order and by its terms was to remain in effect only until a hearing could be had on the application for a temporary injunction, and a definite date was fixed for such hearing. It therefore comes within the meaning of the term "temporary restraining order," as sometimes used by our courts. 24 Tex.Jur. 19, 21; Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14. The sole question to be determined therefore is whether or not an appeal will lie from the granting of a so-called temporary restraining order. Our statute expressly authorizes an appeal from the granting of a temporary injunction. R.S. art. 4662. While there is a distinction between a temporary injunction and a temporary restraining order, for the purpose of determining when the particular order expires, the effect of the two orders otherwise is the same. Each of them restrains the defendant until a hearing can be had and either one of them is as injurious to the defendant as the other. Railroad Commission of Texas v. Real (Tex. Civ.App.) 80 S.W.2d 494. The two terms are often used interchangeably (24 Tex. Jur. 11; Hoskins v. Cauble [Tex.Civ.App.] 198 S.W. 629, par. 1; American Construction Co. v. Seelig [Tex.Civ.App.] 131 S.W. 655), and, in our opinion, the Legislature, in providing for an appeal from the granting of a temporary injunction, intended to authorize an appeal from all temporary restraining orders issued prior to a hearing on the merits. Barkley v. Conklin (Tex. Civ.App.) 101 S.W.2d 405, par. 10, and authorities there cited. Appellee's motion to dismiss the appeal is therefore overruled.

 This brings us to a consideration of the merits of the case. The plaintiff, in describing the manner of the operation of the marble machines in question, alleged as follows: "One desiring to amuse himself by playing said machine, deposits therein a five cent piece and receives for playing a ball or balls; that the player then propels said ball onto the playing field by means of a plunger. That the ball or balls can be propelled with little or great force and be made to stop in any one of several holes thereon, according to the skill displayed. If the player is skill-

ful and exerts the proper amount of force, he will, in addition to the amusement received, receive as a reward for his skill an amount in cash, ranging from five cents to two dollars. * * * That the profits this complainant will derive from the operation of said machines, unless prevented by the defendants, will amount to more than five hundred dollars * * *." While he alleges that said machines, when so operated, are not gambling devices, the facts alleged by him show the contrary. Penal Code, art. 615 et seq.; Adams v. Antonio (Tex. Civ.App.) 88 S.W.2d 503 (writ refused); Houghton v. Fox (Tex.Civ.App.) 93 S.W. 2d 781; Roberts v. Gossett (Tex.Civ.App.) 88 S.W.2d 507; Barkley v. Conklin (Tex. Civ.App.) 101 S.W.2d 405. Moreover, there is no attempt to allege that the statute under which the county attorney and other officers are attempting to proceed in arresting and prosecuting the plaintiff is unconstitutional or otherwise void. See Barkley v. Conklin (Tex.Civ.App.) 101 S. W.2d 405, par. 5, and authorities there cited. Consequently, the trial court improperly restrained the county attorney and others from arresting the plaintiff and otherwise interfering with the operation of said marble machines.

It is therefore ordered that the judgment of the trial court be, and the same is, hereby reversed and the injunction dissolved.