**McAFEE v. SHIRLEY, County Clerk.**

**No. 5256.**

Court of Civil Appeals of Texas. Amarillo.

May 20, 1940.

C. Land, of Memphis, for relator.

Mahan & Broughton, of Childress, for respondents.

STOKES, Justice.

This is an original application for permission to file a petition for mandamus filed in this court by the relator, Andy McAfee, against the respondent, N. T. Shirley, clerk of the county court of Childress County. Accompanying the motion for permission to file the petition for a mandamus is the petition itself. We have concluded that the motion for permission to file the petition for mandamus should be granted and, since it is accompanied by the petition and the allegations contained in the petition of the relator have been fully answered and briefed by the respondent, we have concluded to dispose of both the application to file the petition and the petition for mandamus at the same time.

The record shows that the relator is a resident of Hall County and the respondent is the county clerk of Childress County; that in cause No. 1290 on the docket of the county court of Childress County, wherein P. R. Jeter and S. H. Townsend, physicians, practicing under the firm name of Jeter & Townsend, recovered a judgment by default against relator; that, thereafter, on February 22, 1940, the relator filed in the same court a petition in the nature of an equitable bill of review whereby he sought to have the judgment by default reviewed and set aside. When the bill of review came on for hearing the court sustained a general demurrer thereto and dismissed it. To the action of the court in sustaining the general demurrer and dismissing the bill, relator duly excepted and gave notice of appeal to this court. It is alleged in the petition for mandamus that relator was unable to perfect his appeal by giving the appeal bond required by the statute, Art. 2265, R.C.S.1925, and that on the 7th of March, 1940, he filed an affidavit of inability to pay the costs of appeal or give security therefor as provided by Art. 2266, R.C.S., Vernon's Ann.Civ. St.art. 2266. On the 16th of March respondent filed a contest of the affidavit in forma pauperis and the plaintiffs in the original cause, No. 1290, Drs. Jeter and Townsend, also contested the same. The contest of respondent was sworn to by him and the contest of the plaintiffs in the case was sworn to by their attorney.

The issue thus joined was set to be heard by the court on the 25th of March, 1940, and on that day, at a regular term of the court, the same was by agreement continued until the 28th of March, when. it was called for trial and a hearing held thereon. After hearing the affidavit, the contests and the testimony, the court denied to relator the right to appeal upon his affidavit in forma pauperis and it is to review the action of the court in that respect that the petition for mandamus has been filed in this court.

The record contains a statement of the facts that were heard upon the trial which is approved by the trial judge. The only witness who testified was the relator, Andy McAfee, who was called and placed upon the stand by the respondent. According to his testimony he owns or has an interest in 786 acres of land in Hall County. He also owns 20 head of cattle, 3 old mares, a colt, and 36 chickens. His testimony shows, however, that the value of the land does not exceed $5 per acre, which would amount approximately to $4,000, and that it is encumbered by vendor's lien notes, deed of trust liens and delinquent taxes for more than $8,000. Relator testified that he did not have any money and was unable to pay the costs of appeal. The 20 head of cattle were purchased by him from the same party from whom he purchased 186 acres of the land and, according to the contract of purchase, they belong to him only after he has paid for 186 acres of the land, amounting to more than $2,000, and the record does not show the value of the three old mares and colt. He said he had agreed to pay $40 per head for the twenty head of cattle.

It is held by our courts that the right of appeal is not an inherent one but is a privilege merely that is given by the

law and can be exercised only when the regulations limiting the right have been substantially observed. Ordinarily, the action of the trial court in refusing to permit an appeal upon affidavit of inability to pay the costs or give bond therefor is within the discretion of the trial court and his action will not be disturbed unless the reviewing court is convinced that it is clearly wrong. Heard v. Pearman, District Judge, Tex.Civ.App., 275 S.W. 271.

Art. 2266, R.C.S.1925, as amended in 1931, Vernon's Ann.Civ.St.art. 2266, reads as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall, nevertheless, be entitled to prosecute an appeal by making strict proof of such inability, which shall consist of his affidavit filed with the Clerk of Court stating that, he is unable to pay the costs of appeal, or any part thereof, or to give security therefor. Any Officer of Court or party to the suit, interested, may contest the affidavit, whereupon the Court trying the case, if in session, shall hear the contest; but if in vacation, the same shall be heard by either the Judge of the Court or the County Judge of the County where the suit is pending and on such hearing evidence may be introduced, the right of the party to appeal shall be determined, the finding certified to, and filed as a part of the record of the case. · It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive. The appeal will not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the party appealing a reasonable time, not exceeding ten (10) days after notice, to cause to be corrected or amended such defects or irregularities."

Our courts have not fully agreed in their interpretation of the statute in reference to the right of a litigant to appeal a case upon an affidavit of inability to pay the costs or give security therefor. Clendenen v. Haynes, Tex.Civ.App., 45 S.W.2d 1015; Stark v. Dodd, Tex.Civ.App., 76 S.W.2d 865; Speed v. Keys, Tex.Civ.App., 110 S.W.2d 1245. In Clendenen v. Haynes, supra, the Court of Civil Appeals of the 11th District held that a litigant's right to a writ of mandamus under circumstances such as are presented by the record before us must be determined in accordance with the evidence adduced upon a hearing of the contest in the trial court. It was there held that the allegations in the relator's application for a mandamus to the effect that he is unable to pay the costs or give security therefor cannot be considered by the Court of Civil Appeals but that the appellate court can consider only the evidence offered below. The Court of Civil Appeals of the 6th District in the case of Stark v. Dodd, supra, followed substantially the holding of the court in the Clendenen case and held that the provisions of Art. 2266 require that the person seeking to appeal by affidavit in lieu of a bond must make strict proof of his inability to pay the costs or secure the same and that when the affidavit is made and a contest of same is filed, the person filing the affidavit is not relieved of the duty to produce evidence in support of his affidavit. The holding is, in effect, that when a contest of such an affidavit is filed, the burden rests upon the appellant or person filing the affidavit to make strict proof of his inability to pay the costs or give security therefor and clearly show that he is unable to pay the costs or give the required bond.

In the later case of Speed v. Keys, supra, the Court of Civil Appeals of the 10th District held, in effect, that the mere filing of an answer or contest by the appellee is not sufficient to defeat the right of an appellant who has complied with the statute; but that the burden rests upon him to go further and introduce evidence and secure a finding of the trial court that the facts stated in appellant's affidavit are not true. Thus it will be seen that the holdings in the two cases first mentioned are to the effect that when a contest of the affidavit is filed, the burden of proof rests upon the appellant who filed the affidavit and in the case last mentioned the court held that the burden rests upon the contestant or appellee to show by proof that the facts stated in the affidavit are untrue.

The statute provides that where an appellant is unable to pay the costs of appeal or give security therefor he shall, nevertheless, be entitled to prosecute an appeal. In order to do so, however, he must make strict proof of his inability to pay the costs or give the required bond. The statute specifically provides that this "strict proof" shall consist of his affidavit in due form filed with the clerk of the court. It follows, therefore, that, when the affidavit is filed, the appellant has made his "strict proof" and unless something further is

done, his appeal is then perfected. Any officer of the court or party to the suit, however, may contest the affidavit and the statute provides that, if the court is in session, it shall hear the "contest". If the trial court is in vacation, then the contest shall be heard by the judge of the court or the county judge of the county where the suit is pending, and, according to the provisions of the statute, upon such hearing, evidence may be introduced. By the plain provisions of the statute, therefore, the hearing upon which evidence is introduced is a hearing upon the contest and not upon the affidavit. True, the integrity of the affidavit is brought into question in the hearing but that is because of the allegations of the contestant. There is no provision of the statute to the effect that a contest, whether sworn to or not, shall have the effect of destroying the affidavit or rendering it nugatory or ineffective. Furthermore, the statute provides that it will be presumed, prima facie that the affidavit of appellant speaks the truth and, unless contested within ten days after being filed, the presumption becomes conclusive. It seems clear from these provisions that, when the affidavit is filed, it becomes prima facie proof of the inability of the appellant to pay the costs of appeal or give security therefor. This prima facie case may be overcome by a proper contest and proof. Until the proof, that is, the evidence becomes of such nature and weight as to overcome the prima facie case made by the affidavit, the latter still stands and the appellant is entitled to his appeal without giving the bond. If no contest is filed the presumption becomes conclusive after ten days. Likewise it becomes conclusive if a contest is filed but the testimony is not sufficient to overcome the presumption, or prima facie case made by its original filing.

In view of these plain provisions of the statute we must conclude that the burden of proof rests upon the contestant and that he must not only file a proper contest of the affidavit but, upon the hearing of the contest, he must go further and introduce evidence which is sufficient in its nature and weight to overcome the prima facie case made by the appellant when he filed the affidavit. In the case of Currie v. Missouri, K. & T. Ry. Co., 101 Tex. 478, 108 S.W. 1167, 1168, the Supreme Court held that the provision of the statute allowing a contest of the affidavit did not entitle an appellee, by an unverified general traverse, to require of his adversary further proof than that contained in the affidavit which is declared by the statute to be sufficient until contested. The court stated in the opinion that it was the affidavit that was to be contested and said: "* * * it naturally follows that it is to be contested by something having probative force; otherwise, it would be within the power of the appellee to destroy the effect given by the law to the affidavit without offering anything entitled to weight as evidence against it." It is true the contest filed in that case was not sworn to, but, since an ex parte affidavit is not admissible under the general rules of evidence and, in the absence of statutory provision, is wholly lacking in probative force to prove an allegation, the rule cannot be different in that respect in the case of a contest which is sworn to from that which applies to one in which the contest is not verified by affidavit. Tisdale v. F. Hannes & Co., Tex.Civ.App., 278 S.W. 324; Cox v. Gafford, District Clerk, Tex.Civ.App., 26 S.W.2d 412.

In the instant case the respondent wholly failed to establish the fact that the allegations of the relator's affidavit were untrue. In so far as the land owned by him is concerned the record clearly shows it is encumbered for a great deal more than its value. There is no proof whatever of the probable income or capabilities of the land in producing revenue. According to the relator's testimony, the cattle are likewise encumbered for an amount which greatly exceeds their value and, in addition, he testified that he was not permitted, under his contract of purchase, to sell either the cattle or their increase until the purchase price of the cattle and the 186 acres of land was fully paid. According to the record, this leaves nothing but the three old mares and the colt out of which the relator could possibly procure the money with which to pay the costs of appeal, and the record is wholly bereft of any testimony concerning their value. Moreover, two of them are exempt to the relator and, under the holdings of our courts, he is not required to sell exempt property in order to procure the money with which to pay the costs of his appeal. Boone v. McBee, Tex.Civ.App., 280 S.W. 295; Black v. Snedecor, 60 Tex.Civ.App. 125, 127 S.W. 570. Without some proof of their value or their possible utility as security, we cannot say that the remaining

two, or even all four of them, are of sufficient value to enable the relator to procure the money with which to pay the costs of the appeal or furnish security therefor.

Relator did not testify, and the record does not show, that he made any effort to procure sureties upon an appeal bond but, since his affidavit constitutes prima facie evidence of his inability to pay the costs or furnish security therefor, and the respondent offered no proof concerning that matter, we must conclude, in keeping with the force of the affidavit, that he was unable to procure sureties on such a bond.

It is, of course, the rule in cases such as this, as it is in other cases, that, where there is substantial controversy in the testimony concerning the question of whether or not the appellant is able to pay the costs or give security therefor, the weight of the testimony and the conclusions to be drawn from it rest with the trial court and, in such cases, his conclusions will not be disturbed by an appellate court. In cases, however, where the testimony admits of only one rational conclusion, it then becomes a question of law and is subject to revision by the appellate court. Rutherford v. Vandygriff, Tex.Civ.App., 73 S.W.2d 569. The rule in this respect is not affected by the fact that the relator, a party to the controversy, gave the testimony. He was called as a witness by the respondent and it is well-established law in this State that a party upon whom it is incumbent to establish a material fact cannot call his adversary as a witness to that fact, elicit testimony from him concerning it, and then take the position that the court or jury should discredit his testimony upon the ground that he is a party to the suit or interested in the subject matter. Starkey v. Wooten Grocery Co., Tex. Civ.App., 143 S.W. 692; Steed v. Wren et al., Tex.Civ.App. 194 S.W. 963; Stevens v. Hunt, Tex.Civ.App., 39 S.W.2d 124; Butterworth v. France, Tex.Civ.App., 66 S.W.2d 369; Christopher v. City of El Paso, Tex.Civ.App., 98 S.W.2d 394. In this case there is no controversy in the testimony. In our opinion, the proof wholly fails to overcome the prima facie case made by the relator when he filed the affidavit of his inability to pay the costs of appeal or give security therefor and, in holding otherwise, the court below was in error.

The application of the relator to file the petition for mandamus will be granted;

the petition for mandamus will be granted and the respondent directed forthwith to prepare and deliver to the relator or his attorney a complete transcript of the record in the cause.