

# The Attorney General of Texas

April 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Felipe Reyna
Criminal District Attorney
McLennan County Courthouse
Waco, Texas

Opinion No. H- 1153

Re: Whether a coin game which awards tokens redeemable for a prize may be used in Texas.

Dear Mr. Reyna:

You have requested our opinion regarding the operation of a coin game which awards tokens redeemable for a prize. You describe the game, called the "Treasure Chest," as one

> consisting of a boxlike structure containing a coin insert, a motor drive, and a 'playing field.' The player, by means of a coin slot at the front of the machine, inserts the coin on a playing board covered with stacks of coins of equal denomination and the 'playing token' which forms the basis of the object of the game. The player then manipulates his coin over the other coins in the machine's playing area by use of a mechanical device, the object being to remove one of the tokens from the playing area into a device to return it to the player. The token [if recovered] is then exchanged for a 'prize.'

Under section 47.06 of the present Texas Penal Code, "a person commits an offense if he knowingly . . . possesses any gambling device that he knows is designed for gambling purposes. . . ." "Gambling device" is defined as

> any mechanical contrivance that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.

Section 47.01(3).

The prior Texas Penal Code did not make a distinction between games of chance and games of skill. Adams v. Antonio, 88 S.W.2d 503, 505 (Tex. Civ. App. -- Waco 1935, writ ref'd). Marble machines, which appear to be closely akin to the game at issue here, have been held to violate the gaming statutes. See, e.g., Barkley v. Conklin, 101 S.W.2d 405 (Tex. Civ. App. — Waco 1937, no writ); Speed v. Keys, 110 S.W.2d 1245 (Tex. Civ. App. — Waco 1937, no writ).

The statutory definition of "gambling device" apparently now requires proof of at least some element of chance in the operation of a game. You state that the operation of the "Treasure Chest" is dependent to some extent upon chance. On the basis of that determination, we believe it is clear that the game, as you have described it, is embraced within the statutory definition of "gambling device," the possession of which is prohibited by article 47.06 of the Penal Code.

## S U M M A R Y

As described, a coin game known as the "Treasure Chest" is a "gambling device," the possession of which is prohibited by article 47.06 of the Texas Penal Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst